CITY OF DETROIT v RABAUT

1. COURTS—RECORDER'S COURT—JURISDICTION—MUNICIPAL COURTS—
   COURTS OF RECORD.
   Recorder's Court of the City of Detroit is a court of limited
   jurisdiction which the Legislature established; it is a "munici-
   pal" court and a "court of record".

2. COURTS—JURISDICTION.
   Jurisdiction does not "inhere" in a court, it is conferred upon it
   by the power which creates it.

3. EMINENT DOMAIN—MUNICIPAL CORPORATIONS—STATUTES—RECORD-
   ER'S COURT—JURISDICTION.
   Repeal in 1967 of a statute, which dealt with condemnation by
   cities and villages, provided for jurisdiction over condemnation
   proceedings and mandated their institution in recorder's court
   in cities having such a court, revoked the jurisdiction over
   condemnation proceedings which Recorder's Court of the City
   of Detroit had and unless and until the Legislature sees fit to
   restore it, that court has no condemnation jurisdiction (1883
   PA 124, 1967 PA 120).

Appeal from Recorder's Court of Detroit, Robert
J. Colombo, J., and from Court of Appeals prior to
decision. Submitted March 8, 1973. (No. 15 March
Term 1973, Docket No. 54,163.) Decided April 27,
1973.

Complaint by City of Detroit against Mary M.
Rabaut and others for condemnation of certain
interests in land. Defendants' motion to quash
service of process and to dismiss granted. Plaintiff
appealed to the Court of Appeals and applied to

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 20 Am Jur 2d, Courts § 26.
[2, 3] 20 Am Jur 2d, Courts § 20 *et seq.*

the Supreme Court for leave to appeal prior to decision by the Court of Appeals. Leave granted. Affirmed.

*Michael M. Glusac,* Corporation Counsel, and *Ronald R. Sogge,* Assistant Corporation Counsel, for plaintiff.

*Travis, Warren, Nayer & Burgoyne* (by *John M. Roche),* for defendants.

PER CURIAM. The City of Detroit, pursuant to its long standing practice, brought proceedings in Recorder's Court for the City of Detroit to con-  demn certain real property in that city.

The defendants moved to dismiss the proceedings on the grounds that recorder's court had no jurisdiction to try condemnation cases, and the trial judge granted their motion.

We granted leave to appeal prior to decision by the Court of Appeals because we are persuaded that the question of whether recorder's court has jurisdiction to try condemnation cases is of considerable importance and urgency.

The Constitution of 1963 provides (art 6, § 1):

"The judicial power of the state is vested exclusively in one court of justice which shall be divided into one supreme court, one court of appeals, one trial court of general jurisdiction known as the circuit court, one probate court, and courts of limited jurisdiction that the legislature may establish by a two-thirds vote of the members elected to and serving in each house."

Recorder's court is one of those courts of limited jurisdiction which the Legislature established. It is a "municipal" court and a "court of record", but so describing it does not define its jurisdiction.

In 1857, when recorder's court was established

in its present form by 1857 PA 55 (Chapter VI) it was given original and exclusive jurisdiction of all crimes, misdemeanors, and offenses committed within the corporate limits of the City of Detroit except "in cases cognizable by the police court of the City of Detroit or by the justices of the peace of said city", and expressly granted the power and jurisdiction of a circuit court *in like cases.* It was also given condemnation jurisdiction (Chapter VII) in connection with the opening, altering and closing of streets.

The Charter of 1883 (1883 Local Act 326) which continued the recorder's court, continued its criminal jurisdiction in specific language but did not mention any condemnation jurisdiction. Thus the Charter of the City of Detroit ceased to be the source of condemnation jurisdiction for recorder's court in 1883.

In that same year, however, just before the new charter was granted by the Legislature, recorder's court was given condemnation jurisdiction by another statute.

1883 PA 124 which dealt with condemnation by cities and villages provided for jurisdiction over condemnation proceedings and mandated their institution in that court in "cities having a Recorder's Court". Accordingly from 1883 until June 27, 1967 when that statute was repealed by 1967 PA 120, recorder's court had jurisdiction over condemnation cases by virtue of the 1883 act.

In this appeal the City argued that recorder's court's jurisdiction to entertain condemnation cases arising in the City of Detroit is an inherent and integral part of its jurisdiction as it evolved as a municipal court. This begs the question.

Jurisdiction does not "inhere" in a court, it is conferred upon it by the power which creates it.

For this reason we hold that the 1967 repeal of 1883 PA 124 revoked the jurisdiction over condemnation proceedings which recorder's court had and unless and until the Legislature sees fit to restore it, that court has no condemnation jurisdiction.

Affirmed. No costs.

T. M. KAVANAGH, C. J., and T. E. BRENNAN, T. G. KAVANAGH, SWAINSON, WILLIAMS, LEVIN, and M. S. COLEMAN, JJ., concurred.