LONGWORTH v DEPARTMENT OF STATE HIGHWAYS

Docket No. 48238. Submitted November 3, 1980, at Lansing.—Decided November 2, 1981. Leave to appeal applied for.

Wheeler Longworth and Ruth Longworth brought an action against the Department of State Highways and Transportation in the Court of Claims for damages resulting from the department's failure to maintain a highway under its jurisdiction. The plaintiffs also filed an action in Monroe Circuit Court against three construction companies arising from the same transaction and moved for removal of the Court of Claims case to the circuit court for consolidation with the circuit court suit, which motion was granted. Prior to trial, the plaintiffs settled with the construction companies. The department thereupon moved to remove the case to the Court of Claims in Ingham County, which motion was denied. Following trial, the Court of Claims, William J. Weipert, Jr., Monroe Circuit Judge sitting as judge in the Court of Claims, awarded damages to the plaintiffs. The department appeals. *Held:*

1. The trial court properly denied the department's motion to remove the Court of Claims case to Ingham County. The trial court acquired jurisdiction by joinder of the case with the circuit court case, and dismissal of the circuit court action against the other defendants did not require the trial court to relinquish that jurisdiction.

2. The record reveals that the trial court properly found that Wheeler Longworth was not an employee of the department.

3. The trial court's admission of certain deposition testimony

REFERENCES FOR POINTS IN HEADNOTES

[1] 1 Am Jur 2d, Actions § 100.
[2] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit § 72.
[3] 48 Am Jur 2d, Labor and Labor Relations § 602.
[4] 5 Am Jur 2d, Appeal and Error §§ 948-958.
[5] 39 Am Jur 2d, Highways, Streets, and Bridges § 340 *et seq.*
[6] 39 Am Jur 2d, Highways, Streets, and Bridges § 341.
[7] 22 Am Jur 2d, Damages § 27.
[8] 66 Am Jur 2d, Release § 37 *et seq.*
[9] 5 Am Jur 2d, Appeal and Error § 845.
[10] 7 Am Jur 2d, Automobile Insurance §§ 367, 368.
    Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

notwithstanding the plaintiff's inadvertent failure to file a transcript of the deposition with the court as required by court rule did not constitute error. The department did not demonstrate that it was prejudiced by the plaintiff's failure to comply with the court rule.

4. The trial court properly awarded Ruth Longworth damages for loss of consortium.

5. The trial court properly found that Wheeler Longworth was engaged in "public travel" at the time of the accident.

6. The trial court properly based its assessment of damages for the loss of future earnings on expected gross income.

7. The trial court erred in failing to deduct the amount of the plaintiffs' settlement with the construction companies from its damage award against the department.

8. The record reveals that there was evidence to support the trial court's finding that Wheeler Longworth would have continued to work until age 65, and its failure to make a specific finding of fact to that effect does not require remand for further findings of fact.

9. The damage award was not subject to the limitations set forth in the no-fault act.

Affirmed in part, reversed in part, and remanded.

1. ACTIONS — COURT OF CLAIMS — CIRCUIT COURTS — JOINDER — JURISDICTION — STATUTES.

Cases in the Court of Claims may be joined for trial with cases arising out of the same transaction or series of transactions pending in any of the various circuits, and the Court of Claims case will be tried and determined by the circuit judge even where a circuit action to which it is joined is tried to a jury under the supervision of the same judge (MCL 600.6421; MSA 27A.6421).

2. ACTIONS — COURT OF CLAIMS — CIRCUIT COURTS — JOINDER — JURISDICTION — DISMISSAL OF ACTIONS — STATUTES.

A case brought in the Court of Claims which is joined with a circuit court action arising out of the same transaction or series of transactions is subject to the jurisdiction of the circuit court and such jurisdiction need not be relinquished by the circuit court upon dismissal of the circuit court action against parties other than the state (MCL 600.6421; MSA 27A.6421).

3. WORKERS' COMPENSATION — EMPLOYMENT — ECONOMIC REALITY TEST.

A trial court, in determining the existence of an employer-em-

ployee relationship under the Worker's Disability Compensation Act, should consider the factors of (1) control of the worker's duties, (2) payment of wages, (3) the right to hire and fire and the right to administer discipline, and (4) the performance of the duties as an integral part of the employer's business toward the accomplishment of a common goal.

4. TRIAL — COURT RULES — APPEAL.

Failure of a trial court to comply with a court rule does not constitute error requiring reversal unless it is so offensive to the maintenance of a sound judicial process that it can never be regarded as harmless, the Supreme Court, for prophylactic reasons, decides to require undeviating compliance with the rule, or the complaining party is prejudiced by the failure.

5. GOVERNMENTAL IMMUNITY — HIGHWAYS — STATUTES.

Recovery from a governmental agency upon its failure to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may be had by those sustaining bodily injury as a result of the failure or by those sustaining injuries directly arising from such bodily injury, including loss of consortium (MCL 691.1402; MSA 3.996[102]).

6. GOVERNMENTAL IMMUNITY — HIGHWAYS — PUBLIC TRAVEL — STATUTES.

A person who is a member of the public and who travels upon a highway in a reasonably foreseeable manner is engaged in "public travel" for purposes of applying the highway safety exception to general governmental tort immunity (MCL 691.1402; MSA 3.996[102]).

7. TORTS — DAMAGES — HIGHWAYS.

A trial court in an action for failure by a governmental agency to maintain a highway under its jurisdiction properly may base its determination of a plaintiff's damages for loss of future earnings on the plaintiff's expected gross earnings where the defendant fails to meet the burden of producing evidence in support of any deduction for taxes from the amount.

8. RELEASE — RECOVERY — JOINT TORTFEASORS — STATUTES.

A release or a covenant not to sue or to enforce a judgment given in good faith to one of two or more persons liable in tort for the same injury reduces the claim against the other tortfeasors to the extent of the greater of the amount stipulated in the release or covenant or the amount of consideration paid therefor (MCL 600.2925d; MSA 27A.2925[4]).

9. APPEAL — FINDINGS OF FACT — COURT RULES.

Findings of fact, in an action tried upon the facts without a jury, will not be set aside on appeal unless clearly erroneous (GCR 1963, 517.1).

10. DAMAGES — TORTS — HIGHWAYS — NO-FAULT ACT — STATUTES.

Damages awarded to a plaintiff for injuries incurred because of the failure of a governmental agency to maintain a highway within its jurisdiction are not subject to the limitations set forth in the no-fault act (MCL 500.3135, 691.1402; MSA 24.13135, 3.996[102]).

*Ready, Sullivan & Ready,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Charles A. Nelson,* Special Assistant Attorney General, for defendant.

Before: BEASLEY, P.J., and R. M. MAHER and R. S. HOFFIUS,* JJ.

R. M. MAHER, J. Plaintiffs-appellees Wheeler and Ruth Longworth brought suit in the Court of Claims against defendant-appellant Michigan Department of State Highways and Transportation, seeking damages for injuries sustained as a result of defendant's alleged failure to maintain a highway in reasonable repair and in a condition reasonably safe and fit for travel. After a bench trial, plaintiffs were awarded $175,772.81 in damages, and defendant appeals as of right.

Plaintiff Wheeler Longworth was employed as a truck driver by the Monroe County Road Commission. On January 15, 1976, pursuant to a contract between defendant and the road commission, plaintiff was removing snow from a section of I-75. Plaintiff was driving a truck equipped with an

---

* Circuit judge, sitting on the Court of Apepals by assignment.

under-body scraper and cleared the snow by positioning the blade near the ground while driving 25 to 30 miles per hour. About 10:30 a.m., while clearing snow off the Bay Creek Road overpass, his scraper hit an expansion joint, causing him to lose control of his truck. The impact threw plaintiff onto the floor of his truck, and he sustained injuries to his back and hip.

The expansion joint had been placed in the highway as part of a state plan to widen I-75. The joint, which was eventually to be covered by a latex overlay, protruded about an inch above the road's surface. The state project engineer decided to defer completion of the latex surface until spring. Although the state engineer did not tell the road commission about the exposed expansion joint, the commission had notice of the condition through plaintiff's foreman and through two previous accident reports. Plaintiff, however, was unaware of the joint's presence.

After his release from the hospital, plaintiff Wheeler Longworth and his wife, Ruth Longworth, filed an action in the Court of Claims against defendant, and an action in Monroe County Circuit Court against three construction companies involved in the road-widening project. Plaintiff Ruth Longworth's claim was for loss of the consortium of her husband. Upon plaintiffs' motion, the Court of Claims case was removed to the circuit court for consolidation with the suit against the construction companies. On the morning of the trial, plaintiffs reached a settlement with the three construction companies. Defendant then filed a motion to remove the case to the Court of Claims. After denying this motion, the trial court heard the case without a jury. The court awarded Wheeler Longworth $170,772.81 for personal inju-

ries and awarded Ruth Longworth $5,000 for loss of consortium. This appeal followed.

## I

Defendant first contends that the trial court lacked jurisdiction after the case against the construction companies was dismissed on the day set for trial. The trial court acquired jurisdiction under MCL 600.6421; MSA 27A.6421, which provides:

"Cases in the court of claims may be joined for trial with cases arising out of the same transaction or series of transactions which are pending in any of the various circuits of the state. A case in the court of claims shall be tried and determined by the judge even though the circuit court action with which it may be joined is tried to a jury under the supervision of the same circuit judge."

The purpose of this statute is to permit joinder of actions arising out of the same transaction in order to ensure their speedy and efficient resolution. Defendant argues that after dismissal of a circuit court action which has supported the acquisition of jurisidiction over a Court of Claims action the circuit court must relinquish jurisdiction to the Court of Claims in Ingham County, pursuant to MCL 600.6404; MSA 27A.6404,[1] which defines the jurisdiction of the Court of Claims. While no case speaks precisely to this point, we are convinced that the purpose of the joinder provision would be ill-served by requiring a removal under these circumstances, since such a removal would

[1] MCL 600.6404; MSA 27A.6404 provides:
"The court of claims is created as a function of the circuit court for the thirtieth judicial circuit. A circuit judge of the thirtieth judicial circuit and any judge assigned into the thirtieth judicial circuit by the state court administrator may exercise the jurisdiction of the court of claims as provided by law."

result both in delay and in inefficient use of judicial resources. Accordingly, we find that the trial court correctly denied defendant's motion for removal.

## II

Defendant's next argument is that the trial court erred in finding that plaintiff Wheeler Longworth was not an employee of the Department of State Highways. Resolution of this issue in defendant's favor would bar plaintiffs' claims by virtue of the exclusive remedy clause of the Worker's Disability Compensation Act, MCL 418.131; MSA 17.237(131).

The Michigan Supreme Court has adopted the economic reality test for determining the existence of an employer-employee relationship under the workers' compensation act. *Tata v Muskovitz,* 354 Mich 695, 699; 94 NW2d 71 (1959). In *Askew v Macomber,* 398 Mich 212, 217-218; 247 NW2d 288 (1976), the Court enumerated the factors to be considered under this approach:

"Under the economic reality test, among the relevant factors to be used are (1) control of a worker's duties, (2) the payment of wages, (3) the right to hire and fire and the right to discipline, and (4) the performance of the duties as an integral part of the employer's business towards the accomplishment of a common goal."

Clearly, plaintiff Wheeler Longworth was not defendant's employee under the economic reality test. Plaintiff worked under the control of county employees and was paid by the county according to the county wage schedule. The county was responsible for supplying all personnel and had the right to hire and fire all employees. Although

plaintiff was performing work that helped to accomplish a state goal, his work was also in furtherance of the county's efforts to fulfill its contract with the state. Under this analysis, we find that plaintiff was an employee of the Monroe County Road Commission and was not defendant's employee.

## III

Defendant's third claim of error is that a doctor's deposition was improperly admitted into evidence inasmuch as the transcript of the deposition had not been filed with the court, in accordance with GCR 1963, 306.6(1). *In re Jodys' Estate,* 282 Mich 48; 275 NW 762 (1937), cited by defendant in support of this proposition, is inapposite since it involved the effect of failure to comply with a *statutory* rule of procedure. In any event, to the extent that the *Jodys' Estate* rationale is applicable to failure to comply with a court rule, we feel it has been superseded by *Moskalik v Dunn,* 392 Mich 583, 588; 221 NW2d 313 (1974):

"Trial judge failure to comply with a court rule is not per se reversible error unless it is so offensive to the maintenance of a sound judicial process that it can never be regarded as harmless or the court decides, for prophylactic reasons, to require undeviating compliance with a particular rule. Otherwise, absent prejudice suffered by the complaining party attributable to the failure to observe the rule, reversal is not appropriate. Any other approach to our reviewing responsibility would manifestly be unworkable."

Defendant argues that it was "prejudiced" by the admission into evidence of the doctor's deposition, since the doctor's testimony was damaging to its case. This argument reflects a misapprehension

with respect to the type of prejudice which would necessitate a reversal. Defendant must show not only that the doctor's testimony damaged its case but also that it was prejudiced by plaintiffs' *failure to comply with the court rule.* Defendant was present when the deposition was taken and participated, through cross-examination, in the taking of the deposition. Since defendant has failed to demonstrate that it was prejudiced by plaintiffs' inadvertent failure to file the transcript, we hold that the trial court did not err in admitting the deposition.

## IV

Defendant also challenges the award of $5,000 to plaintiff Ruth Longworth for loss of consortium, contending that such a recovery is not authorized by MCL 691.1402; MSA 3.996(102), which provides in part:

"Any person sustaining bodily injury or damage to his property by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, may recover the damages suffered by him from such governmental agency."

Defendant argues that since plaintiff Ruth Longworth did not sustain "bodily injury or damage to [her] property", her claim is barred by governmental immunity. It may be conceded that there is considerable persuasiveness to this rationale, which was recently adopted by another panel of this Court in *Endykiewicz v State Highway Comm,* 102 Mich App 662; 302 NW2d 271 (1981). Nevertheless, for a number of reasons, we decline to follow the *Endykiewicz* Court.

The *Endykiewicz* Court pointed out that MCL 691.1402; MSA 3.996(102) was a statute in derogation of governmental immunity and felt that as such it should be strictly construed. This principle of "strict construction", although ordinarily valid, should not be applied where the Legislature has otherwise indicated its intent to effectuate a broad waiver of governmental immunity.

In order to divine the Legislature's intent in enacting 1964 PA 170, we turn first to the act's original title, which provides, in pertinent part, that the act is intended

"to make uniform the liability of municipal corporations, political subdivisions, and the state, its agencies and departments, when engaged in a governmental function, for injuries to property and persons caused by negligence; to define and limit such liability * * *."

By referring to "injuries to * * * persons caused by negligence", the Legislature evidenced an intent to effect a broad waiver of governmental immunity. However, by also indicating its wish to "limit such liability", and by limiting recovery under MCL 691.1402; MSA 3.996(102) to persons sustaining "bodily injury", the Legislature obviously meant to place restrictions on this waiver of immunity. It is the duty of this Court to determine whether plaintiff Ruth Longworth's loss of consortium claim falls within the scope of these restrictions.

We note that the Supreme Court of Michigan has frequently announced that:

"The object of the legislation under consideration is to waive the immunity of governmental units and agencies from liability for injuries caused by their negligent conduct, thus putting them on an equal foot-

ing with private tortfeasors." *Reich v State Highway Dep't,* 386 Mich 617, 623; 194 NW2d 700 (1972).

More recently, in *Forest v Parmalee,* 402 Mich 348, 358; 262 NW2d 653 (1978), the Supreme Court confirmed that:

"The *Reich* Court was correct in reasoning that the Legislature, *inter alia,* intended to place victims of negligent highway maintenance on 'equal footing' as to the *substantive* right to proceed against a governmental tortfeasor."

See also *Grubaugh v City of St Johns,* 384 Mich 165; 180 NW2d 778 (1970).[2]

We believe that by referring to "bodily injury" in MCL 691.1402; MSA 3.996(102), the Legislature intended to permit recovery thereunder both by those sustaining a bodily injury and also by those sustaining injuries *directly arising* from a bodily injury. We feel that recognition of such a derivative claim is consistent with the Legislature's purpose in enacting this statute and that the Legislature inserted the "bodily injury" limitation only to avoid governmental liability when governmental negligence caused neither bodily injury nor property damage.

Additional support for our position may be found in *Salvati v Dep't of State Highways,* 92 Mich App 452; 285 NW2d 326 (1979), in which this Court apparently agreed with the trial court's conclusion that loss of society and companionship

---

[2] "The statute in question, by waiving immunity from liability, puts the state and its municipalities upon the same legal footing and subject to the same substantive rules which are applied to any controversy involving a negligent tortfeasor.

"The substantive right to proceed against the governmental tortfeasor, as distinguished from merely procedural requirements, must arise under the same conditions and undiminished by any special exemption as any other comparable cause of action." *Id.,* 173-174.

are recoverable under MCL 691.1402; MSA 3.996(102), in wrongful death cases. However, the *Salvati* Court did not indicate whether that issue had been raised on appeal.

In conclusion, we feel that the Legislature intended to ensure compensation for all direct victims of negligent highway maintenance and that recognition of plaintiff Ruth Longworth's claim is vital to the achievement of this purpose. Consequently, we hold that a claim for loss of consortium may be maintained under MCL 691.1402; MSA 3.996(102) and affirm the trial court's award of damages.

## V

MCL 691.1402; MSA 3.996(102) provides in part:

"Each governmental agency having jurisdiction over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. Any person sustaining bodily injury or damage to his property by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, may recover the damages suffered by him from such governmental agency."

Defendant argues that recovery under the statute is limited to those using the highways for "public travel", and also that plaintiff Wheeler Longworth was not engaged in "public travel" at the time of his accident.

We disagree with both of defendant's contentions. The operative sentence in the statute allows recovery by "[a]ny person sustaining bodily injury * * * by reason of failure * * * to keep any highway * * * reasonably safe and fit for *travel* * * *".

There is no specific requirement that a victim of governmental negligence be engaged in "public travel". In any event, plaintiff was engaged in "public travel" at the time of the accident, since he was a member of the public traveling on the highway in a reasonably foreseeable manner. Therefore we find these contentions without merit.

## VI

The trial court based its calculation of plaintiff Wheeler Longworth's future earnings on his expected *gross* income, making no deduction for the effect of taxes. Defendant contends that an award of damages for future earnings must be based on *net* earnings and that therefore this case must be remanded to the trial court for recomputation of damages.

Although no Michigan court has decided this question, federal courts applying Michigan law have held that gross earnings are the proper measure. See *e.g., Payne v Baltimore & Ohio R Co,* 309 F2d 546 (CA 6, 1962), *cert den* 374 US 827; 83 S Ct 1865; 10 L Ed 2d 1051 (1963), *Nice v Chesapeake & Ohio R Co,* 305 F Supp 1167, 1180 (WD Mich, 1969). We find it unnecessary to address this issue at the present time, since defendant introduced no evidence of plaintiff's expected tax status. As this Court stated in *O'Loughlin v Detroit & Mackinac R Co,* 22 Mich App 146, 156; 177 NW2d 430 (1970), "Consideration of the effect of taxes, if it is to be allowed, may only be allowed when based upon facts and expert opinion properly brought into evidence." Once a plaintiff has introduced evidence of expected gross income, the defendant has the burden of producing evidence in support of any deduction for taxes, if such a deduction is ever permitted. Therefore, we find that the trial court

did not err in basing plaintiff's damages for future earnings on expected gross income.

## VII

Plaintiffs Wheeler and Ruth Longworth negotiated a $52,000 settlement with the three circuit court defendants on the day set for trial. Defendants contend that the trial court erred in failing to deduct this amount from its award of damages, in accordance with MCL 600.2925d; MSA 27A.2925(4).[3] In response, plaintiffs contend that defendants did not request such a deduction in the trial court and that this failure precludes review of this issue on appeal. We disagree. The settlement was made a part of the record, and plaintiffs' counsel referred to the settlement in closing argument. Under these circumstances it would be inequitable to permit plaintiffs such a double recovery. We decline to do so and remand this case to the trial court with instructions to reduce its damage award by the amount of the settlement.

## VIII

In calculating plaintiff Wheeler Longworth's damages for lost income, the trial court assumed that plaintiff would have continued to work until he was 65 years of age. Defendant contends that "[n]o evidence produced at trial supported the

---

[3] MCL 600.2925d; MSA 27A.2925(4) provides in part:

"When a release or a covenant not to sue or not to enforce judgment is given in good faith to 1 of 2 or more persons liable in tort for the same injury or the same wrongful death:

* * *

"(b) It reduces the claim against the other tortfeasors to the extent of any amount stipulated by the release or the covenant or to the extent of the amount of the consideration paid for it, whichever is the greater."

supposition that [Wheeler Longworth] would continue working that long".

GCR 1963, 517.1 provides in part, "In all actions tried upon the facts without a jury * * * [f]indings of fact shall not be set aside unless clearly erroneous." According to *Tuttle v Dep't of State Highways,* 397 Mich 44, 46; 243 NW2d 244 (1976):

" 'A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' "

Plaintiff was 56 years old when the accident occurred. Testimony at trial showed that he was very active prior to the accident. Moreover, plaintiff attempted to return to work, but the Monroe County Road Commission would not permit him to do so. Therefore, we reject defendant's contention that no evidence supported the trial court's finding. In addition, since we are not left with a definite and firm conviction that a mistake has been made, we cannot say that the trial court's finding was "clearly erroneous".

Defendant also contends that the trial court erred in failing to make a specific factual finding that plaintiff would have worked until age 65[4] and that therefore this case must be remanded to the trial court for findings of fact. See *Cacavas v Zack,* 43 Mich App 222; 203 NW2d 913 (1972). It is apparent from a review of the trial court's entire

---

[4] GCR 1963, 517.1 provides in part:

"In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment. It will be sufficient if the court makes brief, definite, and pertinent findings and conclusions upon the contested matters without overelaboration of detail or particularization of facts."

opinion that the court implicitly found that plaintiff would have worked until age 65. Although it would have been preferable for the trial court to have made a specific finding to that effect, we feel that under the circumstances of this case no useful purpose would be served by requiring a remand for factual findings. Accordingly, we deny defendant's request for such a remand.

## IX

Finally, defendant contends that the damages awarded to plaintiff Wheeler Longworth were subject to and exceeded the limitations set forth in § 3135 of the Michigan no-fault act. MCL 500.3135; MSA 24.13135. In *Citizens Ins Co of America v Tuttle,* 411 Mich 536; 309 NW2d 174 (1981), the Supreme Court of Michigan held that the act applies only to accidents *caused by* motor vehicles. Since plaintiff's injuries were caused by defendant's negligent highway maintenance and not by a motor vehicle, we must reject defendant's last contention of error.

Remanded to the trial court for recomputation of damages in accordance with this opinion. In all other respects the judgment of the trial court is affirmed.