TODD v DEPARTMENT OF CORRECTIONS

Docket No. 196169. Submitted June 9, 1998, at Grand Rapids. Decided November 20, 1998, at 9:30 A.M.

Gernnie McCleese, as personal representative of the estate of Steven McCleese, deceased, brought an action in the Muskegon Circuit Court against Charles Todd and other employees of the Department of Corrections (DOC), seeking damages as the result of the death of Steven McCleese while he was an inmate in the custody of the DOC. The plaintiff brought a separate similar action in the Court of Claims against the DOC. When the DOC refused to represent and indemnify Todd, he filed a motion in the circuit court seeking the right to bring a third-party action in the circuit court against the DOC for indemnification, attorney fees, and costs. The Court of Claims issued an order joining the Court of Claims action with the circuit court action. The circuit court, James M. Graves, Jr., J., over the objection of the DOC that the circuit court lacked subject-matter jurisdiction because the Court of Claims has exclusive jurisdiction of third-party claims against the state, entered an order allowing Todd to add the DOC as a third-party defendant in the circuit court action. The DOC was dismissed by stipulation as a defendant in the plaintiff's action, but the stipulation specifically provided that the DOC was not dismissed as a third-party defendant in the cross-claim filed by Todd. A judgment of damages in favor of the plaintiff and against Todd was entered pursuant to a mediation evaluation that had been accepted by both of those parties. Thereafter, the circuit court granted summary disposition for Todd with respect to his third-party claim against the DOC, finding that the DOC had wrongfully denied Todd representation and indemnification in violation of the provisions of the collective bargaining agreement governing Todd's employment by the DOC. The DOC appealed.

The Court of Appeals held:

1. Lack of subject-matter jurisdiction may be raised at any time. When a court is without jurisdiction of the subject matter, any action with respect to a cause, other than dismissal of the cause, is absolutely void.

2. The Court of Claims has exclusive jurisdiction over claims made against the state, including third-party claims against the

state. A complaint seeking from the state either damages alone or damages and equitable relief must be filed in the Court of Claims.

3. Pursuant to the provisions of MCL 600.6421; MSA 27A.6421, actions brought in the Court of Claims may be joined for trial with cases that arise out of the same transaction or series of transactions that are pending in any of the circuit courts of the state. Although an action in the Court of Claims may be joined with an action in a circuit court for the purpose of speedy and efficient resolution, the circuit court having jurisdiction over the circuit court action with which the Court of Claims action is joined may not exercise original subject-matter jurisdiction over third-party claims filed against the state in the circuit court.

4. The joinder of the action brought against the DOC in the Court of Claims with the action brought against Todd in the circuit court did not create jurisdiction in the circuit court to adjudicate Todd's separate third-party complaint against the DOC. Todd's third-party complaint did not arise from, and was not filed in, the Court of Claims action, but, rather, Todd's third-party complaint arose from, and was filed in, the circuit court action in which he was a defendant in his individual capacity. Accordingly, the circuit court lacked subject-matter jurisdiction to consider and decide the claim for indemnification against the state brought by Todd by way of a third-party complaint in the circuit court action. Any claim by Todd for indemnification by the state should have been brought in a separate action in the Court of Claims.

5. Because the circuit court lacked subject-matter jurisdiction to take any action with respect to the third-party complaint other than the dismissal of it, all of the circuit court's actions with respect to the third-party complaint were void.

Reversed.

1. COURTS — JURISDICTION — SUBJECT-MATTER JURISDICTION.

Lack of subject-matter jurisdiction may be raised at any time; when a court is without jurisdiction of the subject matter, any action with respect to a cause, other than dismissal of the cause, is absolutely void.

2. COURTS — COURT OF CLAIMS — JURISDICTION — THIRD-PARTY CLAIMS.

The Court of Claims has exclusive jurisdiction over claims made against the state, including third-party claims against the state; a complaint seeking from the state either damages alone or damages and equitable relief must be filed in the Court of Claims (MCL 600.6419; MSA 27A.6419).

3. ACTIONS — COURT OF CLAIMS — CIRCUIT COURTS — JOINDER — THIRD-PARTY CLAIMS.

> An action brought in the Court of Claims, by statute, may be joined with an action brought in a circuit court for the purpose of speedy and efficient resolution where the two actions arise out of the same transaction or series of transactions; however, the circuit court with jurisdiction over the circuit court action with which the Court of Claims action is joined may not exercise original subject-matter jurisdiction over any third-party claims filed against the state in the circuit court (MCL 600.6421; MSA 27A.6421).

*Muth and Shapiro, P.C.* (by *Douglas B. Shapiro*), for Gernnie McCleese.

*Williams, Hughes, Corwin & Sininger, LLP* (by *Theodore N. Williams, Jr.*), for Charles Todd.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Allan J. Soros,* Assistant Attorney General, for the Department of Corrections.

Before: WHITE, P.J., and HOOD and GAGE, JJ.

PER CURIAM. Third-party defendant Michigan Department of Corrections (DOC) appeals as of right from the orders granting the motion of third-party plaintiff Charles Todd to file a third-party complaint, and subsequent orders[1] entered pertaining to the third-party complaint. We reverse the court's order granting third-party plaintiff's motion to file a third-party complaint and vacate the subsequent related orders.

I

Plaintiff's decedent, an inmate at the Brooks Correctional Facility, drowned while assigned to a work crew supervised by Todd. Plaintiff filed a suit for

---

[1] The DOC's claim of appeal states that it appeals from seven orders of the circuit court.

damages against the DOC in the Court of Claims, *McCleese v Dep't of Corrections* (No. 94-15319 CM). Plaintiff also filed a suit for damages against Todd and other individual DOC employees in the Muskegon Circuit Court, *McCleese v Todd* (No. 94-31415 NO).

Todd sought representation and indemnification from the DOC, relying on the collective bargaining agreement between the Michigan Corrections Officers Association and the DOC. The DOC denied his request. Todd retained a private attorney and, on May 23, 1994, filed a motion in the circuit court seeking to add the DOC as a third-party defendant. The third-party complaint sought indemnification, attorney fees, and costs.

On May 24, 1994, the Court of Claims sua sponte issued an order joining the Court of Claims case and the circuit court case pursuant to MCL 600.6421; MSA 27A.6421. The DOC responded to Todd's motion to add it as a third-party defendant, asserting that the circuit court lacked subject-matter jurisdiction because the Court of Claims has exclusive jurisdiction of third-party claims against the state. The circuit court issued an opinion and order granting Todd's motion on June 20, 1994.

In its motion for rehearing and reconsideration, the DOC again argued that the circuit court lacked subject-matter jurisdiction. On July 12, 1994, the circuit court entered an order allowing Todd to add the DOC as a third-party defendant in the circuit court case. The court denied the DOC's motion for reconsideration.

On July 26, 1994, the DOC filed a motion for summary disposition under MCR 2.116(C)(4), asserting that Todd had failed to exhaust administrative remedies. Subsequently, in March 1995, a "stipulation and

order dismissing lawsuits against defendant Berghuis and defendant Michigan Department of Corrections" was entered. The order stated that it "does not provide for dismissal of DOC as third party defendant in the cross-claim filed by Todd."

In May 1995, the court denied the DOC's motion for summary disposition. In January 1996, Todd filed a motion for summary disposition pursuant to MCR 2.116(C)(9) and (10). In March 1996, an order of judgment was entered against Todd in the amount of $250,000, Todd and plaintiff each having accepted the mediation evaluation entered relative to the other.

On April 1, 1996, the circuit court entered an order granting Todd's motion for summary disposition under MCR 2.116(C)(10), ordering the DOC to pay Todd's reasonable attorney fees in defending the action by plaintiff, and ruling that Todd had been wrongfully denied legal representation and indemnification by the DOC, in violation of the collective bargaining agreement. The DOC's motion for reconsideration was denied.

II

The DOC first argues that the circuit court lacked subject-matter jurisdiction to permit and decide Todd's third-party complaint. We agree.

A

Lack of subject-matter jurisdiction may be raised at any time. *Winters v Dalton*, 207 Mich App 76, 79; 523 NW2d 636 (1994). Whether subject-matter jurisdiction exists is a question of law for the court, which we review de novo. MCR 2.116(C)(4); *Dep't of Natural Resources v Holloway Constr Co*, 191 Mich App 704,

705; 478 NW2d 677 (1991). Jurisdiction does not inhere in a court; jurisdiction is conferred on a court by the power that creates it. *Detroit v Rabaut*, 389 Mich 329, 331; 206 NW2d 625 (1973). When a court is without jurisdiction of the subject matter, any action with respect to such a cause, other than to dismiss it, is absolutely void. *Williams v Shin*, 111 Mich App 84, 90; 314 NW2d 529 (1981).

The Court of Claims has exclusive jurisdiction over claims made against the state of Michigan, including third-party claims against the state. *Id.* at 86-87; MCL 600.6419; MSA 27A.6419. The exclusive jurisdiction of the Court of Claims extends to "all claims and demands, liquidated and unliquidated, ex contractu and ex delicto, against the state and any of its departments, commissions, boards, institutions, arms, or agencies." *Lowery v Dep't of Corrections*, 146 Mich App 342, 347; 380 NW2d 99 (1985); MCL 600.6419(1)(a); MSA 27A.6419(1)(a). A complaint seeking only money damages against the state must be filed in the Court of Claims, as must a complaint seeking both money damages and equitable relief against the state. *Silverman v Univ of Michigan Bd of Regents*, 445 Mich 209, 217; 516 NW2d 54 (1994).

Court of Claims cases may be joined for trial with cases arising out of the same transaction or series of transactions that are pending in any of the various circuit courts of the state. MCL 600.6421; MSA 27A.6421. Once joined, "[a] case in the court of claims shall be tried and determined by the judge even though the trial court action with which it may be joined is tried to a jury under the supervision of the same trial judge." *Id.* The purpose of the joinder statute is to permit joinder of actions arising out of the

same transaction in order to ensure their speedy and efficient resolution. *Longworth v Dep't of State Hwys*, 110 Mich App 771, 776; 315 NW2d 135 (1981). However, the fact that actions initially filed in the Court of Claims can be heard by a circuit judge sitting as the Court of Claims does not mean that the circuit judge may exercise original subject-matter jurisdiction over third-party claims filed against the state in the circuit court. *Williams, supra* at 89-90.

B

The order of joinder did not create jurisdiction in the circuit court to adjudicate Todd's separate third-party complaint against the DOC. Todd has cited no authority, nor have we found any, to support a contrary finding. Todd's third-party complaint did not arise from, and was not filed in, the Court of Claims case, which, following the order of joinder, the circuit judge was authorized to hear sitting as the Court of Claims. Rather, Todd's third-party complaint arose from, and was filed in, the circuit court case against him in his individual capacity, in which the circuit judge was not sitting as the Court of Claims.

The circuit court's opinion granting Todd's motion to file a third-party complaint against the DOC stated in pertinent part:

The Court continues to hold that the instant action is governed by the rules in *Longworth v Highway Dep't* [*supra* at 775-775]. The Court held at page 775 that the joinder provision of MCL 600.6421, MSA 27A.6421 provides for what is in effect a "consolidation" of the two actions. MCR 2.505(3) provides that in consolidated actions the Court may "enter orders concerning the proceedings to avoid unnecessary cost or delay." Indeed, at page 776 the *Longworth* court noted that the purposes of MCL 600.6421,

MSA 27A.6421 "is to permit joinder of actions arising out of
the same transaction in order to ensure their speedy and
efficient resolution." If the Court accepted defendant's rea-
soning, it would have added to the cost and delay, and
would have hindered a speedy and efficient resolution, to
have required Todd to go back to the Court of Claims to file
his action for indemnification, and then have the Court of
Claims order the action joined with the circuit court action.
In the absence of any case law directly on point, the Court
continues to hold that the purposes of the aforementioned
statute and court rule, and the holdings of *Longworth, ibid,*
support a rule that *after* a court of claims action has been
consolidated with a circuit court action, the State of Michi-
gan may be named as a party defendant or third-party
defendant in the circuit court action in the court which at
the time is simultaneously exercising concurrent jurisdic-
tion as both a circuit court and court of claims.

In *Longworth*, the plaintiffs brought suit in the
Court of Claims against the Department of State High-
ways and Transportation and brought a separate suit
in the circuit court against three construction compa-
nies. The Court of Claims case was joined with the
circuit court case on the plaintiffs' motion. On the
morning of trial, the plaintiffs reached a settlement
with the three construction companies. The depart-
ment filed a motion to remove the case to the Court
of Claims, which was denied. The case against the
department was tried, and damages were awarded to
the plaintiffs. On appeal, this Court rejected the
department's argument that the trial court lacked
jurisdiction after the circuit court case was dismissed:

The purpose of [MCL 600.6421; MSA 27A.6421] is to per-
mit joinder of actions arising out of the same transaction in
order to ensure their speedy and efficient resolution. . . .
While no case speaks precisely to this point, we are con-
vinced that the purpose of the joinder provision would be

ill-served by requiring a removal under these circumstances, since such a removal would result both in delay and in inefficient use of judicial resources. Accordingly, we find that the trial court correctly denied defendant's motion for removal. [*Longworth, supra* at 776-777.]

*Longworth* holds only that a Court of Claims action properly joined with a circuit court action under the statute need not be removed to the Court of Claims when the circuit court action is resolved before trial. Stated differently, the circuit judge, properly sitting as the Court of Claims with subject-matter jurisdiction over the Court of Claims action, was not divested of the jurisdiction to sit as the Court of Claims when the circuit court case with which the Court of Claims case was joined was dismissed. *Longworth* does not address the subject-matter jurisdiction issue presented in the instant case: the effect of an order of the Court of Claims joining a Court of Claims case and a circuit court case on the circuit court's subject-matter jurisdiction over a proposed third-party complaint in the circuit court case seeking money damages from the state. Further, although one of the aims of MCL 600.6421; MSA 27A.6421 is to ensure the speedy and efficient resolution of cases arising out of the same transaction, a circuit court cannot assume subject-matter jurisdiction in order to promote efficiency where there is otherwise no jurisdiction. The circuit judge's authority to sit as a Court of Claims judge extended only to the Court of Claims case and, consequently, only to claims asserted against the state in the Court of Claims case. The circuit court had no subject-matter jurisdiction over a claim against the state brought in the circuit court case, and the circuit court could not assume that jurisdiction on

its own. See *Williams, supra.* The claim for indemnification should have been brought in the Court of Claims.

The circuit court having lacked subject-matter jurisdiction, any action with respect to Todd's third-party complaint against the DOC, other than to dismiss it, was void. *Fox v Bd of Regents of the Univ of Michigan,* 375 Mich 238, 242; 134 NW2d 146 (1965). For that reason, we reverse the circuit court's order granting Todd's motion to file his third-party complaint and vacate the subsequent orders pertaining to the third-party complaint. Because the circuit court was without jurisdiction to render its decisions concerning the merits of the claims raised in the third-party complaint, we need not address on the merits the issues raised on appeal concerning the propriety of those decisions.

Reversed.