# STATE OF MICHIGAN

# COURT OF APPEALS

AFFILIATED MEDICAL OF DEARBORN,

     Plaintiff-Appellee,

UNPUBLISHED
December 23, 2014

v

LIBERTY MUTUAL INSURANCE COMPANY,

     Defendant-Appellant.

No. 314179
Wayne Circuit Court
LC No. 11-012755-NF

Before: O'CONNELL, P.J., and BORRELLO and GLEICHER, JJ.

PER CURIAM.

Defendant filed a delayed application for leave to appeal the circuit court's order denying its motion to set aside a default judgment. This Court denied the application "for lack of merit in the grounds presented."[1] This Court also denied defendant's motion for reconsideration of that order, which was premised on defendant's new claim that the circuit court lacked subject-matter jurisdiction over plaintiff's claim for no-fault benefits because the amount in controversy was less than $25,000 and, therefore, within the exclusive jurisdiction of the district court.[2] Defendant sought leave to appeal to the Supreme Court, which, in lieu of granting leave to appeal, remanded the case to this Court "for consideration as on leave granted." *Affiliated Med of Dearborn v Liberty Mut Ins Co*, 496 Mich 851; 846 NW2d 921 (2014). We now vacate the circuit court's orders and remand for further proceedings consistent with this opinion.

Plaintiff provided medical services to defendant's insured. When defendant declined to pay some of the requested expenses, plaintiff filed this action in circuit court, requesting reimbursement for the cost of five MRIs it performed on the insured. Defendant failed to answer the complaint or take other action to defend. Several months later, plaintiff applied for a default against defendant and filed a motion for entry of a default judgment. Defendant appeared for the hearing, but because it had not filed a motion to set aside the default, the circuit court entered

---

[1] *Affiliated Med of Dearborn v Liberty Mut Ins Co*, unpublished order of the Court of Appeals, entered July 19, 2013 (Docket No. 314179).

[2] *Affiliated Med of Dearborn v Liberty Mut Ins Co*, unpublished order of the Court of Appeals, entered November 25, 2013 (Docket No. 314179).

judgment against it. Defendant then filed a timely motion to set aside the default judgment. The circuit court denied that motion, finding that defendant failed to show good cause to set the judgment aside.

We agree with defendant that the default and default judgment must be set aside because the circuit court lacked subject-matter jurisdiction over plaintiff's action. Although defendant did not challenge jurisdiction in the circuit court, "jurisdictional defects may be raised at any time, even . . . for the first time on appeal." *Polkton Twp v Pellegram*, 265 Mich App 88, 97; 693 NW2d 170 (2005). Whether the circuit court had subject-matter jurisdiction presents a question of law, which we review de novo. *Etefia v Credit Technologies, Inc*, 245 Mich App 466, 472; 628 NW2d 577 (2001).

Subject-matter jurisdiction "refers to the power of a court to act and the authority a court has to hear and determine a case." *Wayne Co Chief Executive v Governor*, 230 Mich App 258, 269; 583 NW2d 512 (1998). "Circuit courts are courts of general jurisdiction"; the circuit court has "original jurisdiction over all civil claims and remedies" unless exclusive jurisdiction is vested in some other court or the circuit court is denied jurisdiction by the constitution or statute. *Farmers Ins Exch v South Lyon Community Sch*, 237 Mich App 235, 241; 602 NW2d 588 (1999); MCL 600.605. The district court has exclusive jurisdiction over civil actions in which the amount in controversy does not exceed $25,000. MCL 600.8301(1).

Plaintiff's complaint alleged that the amount in controversy exceeded $25,000, exclusive of costs, interest, and attorney fees. But a trial court need not limit "its jurisdictional query to the amount in controversy alleged in the pleadings." *Moody v Home Owners Ins Co*, 304 Mich App 415, 426; 849 NW2d 31 (2014), lv gtd ___ Mich ___; 853 NW2d 331 (2014). If the plaintiff is aware that the amount in controversy is not within the trial court's jurisdictional limits, the plaintiff cannot confer jurisdiction on the court by pleading to the contrary. Once the trial court has evidence that the amount in controversy is not within its jurisdictional limits, it can do nothing other than dismiss the case under MCR 2.116(C)(4), or transfer the case to a court with jurisdiction under MCR 2.227(A). *Id.* at 430-433.

Despite the allegations in its complaint, plaintiff admitted in its motion for entry of a default judgment that defendant owed only $20,500 for services rendered, exclusive of costs, interest, and attorney fees. Although plaintiff also requested in excess of $10,000 for attorney fees, interest, and costs, "[a]s a general rule, neither costs, attorney fees nor interest is considered in determining the jurisdictional amount." *Krawczyk v Detroit Auto Inter-Ins Exch*, 117 Mich App 155, 163; 323 NW2d 633 (1982), rev'd in part on other grounds 418 Mich 236 (1983). In *Krawczyk*, also a case involving the no-fault act, the district court awarded plaintiff work-loss benefits, costs, attorney fees, and interest totaling $12,435.95, which exceeded the district court's then jurisdictional limit. The defendant challenged the district court's jurisdiction to enter a judgment that surpassed its jurisdictional limitation. This Court explained that the amount in controversy under MCL 600.8301 did not include the amounts of attorney fees, costs, and interest awarded. *Krawczyk*, 117 Mich App at 162-163. Thus, the $7,746 damages calculation, after excluding: costs, attorney fees, and interest, fell within the district court's jurisdictional limitation.

Thus, it was apparent from the motion for entry of a default judgment that the circuit court lacked subject-matter jurisdiction because the amount in controversy was less than $25,000 and, therefore, the action was within the exclusive jurisdiction of the district court. When a court lacks subject-matter jurisdiction, it must dismiss the case for want of jurisdiction or transfer it to a court that would have jurisdiction; any other action taken by the court is void. *Moody*, 304 Mich App at 437-438; *Todd v Dep't of Corrections*, 232 Mich App 623, 628; 591 NW2d 375 (1998).

Accordingly, we vacate the default judgment and all subsequent orders issued by the circuit court. Because the matter was within the exclusive jurisdiction of the district court, we remand for the circuit court to transfer the case to the appropriate district court in accordance with MCR 2.227(A)(1).

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. No costs are awarded.

/s/ Stephen L. Borrello
/s/ Elizabeth L. Gleicher