*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DANIEL C. KROLCZYK and JONI
KROLCZYK,

Plaintiff-Appellees,

v

HYUNDAI MOTOR AMERICA and BILL
MARSH HYUNDAI, LLC,

Defendant-Appellants.

UNPUBLISHED
October 17, 2019

No. 343996
Oakland Circuit Court
LC No. 2017-158920-AV

Before: METER, P.J., and O'BRIEN and SWARTZLE, JJ.

PER CURIAM.

Defendants, Hyundai Motor America and Bill Marsh, LLC, appeal by leave granted[1] an order of the circuit court that affirmed in part, vacated in part, and remanded in part the district court's order entering judgment for plaintiffs, Daniel C. Krolyczk and Joni Krolyczk. Among other things, defendants argued before the circuit court that the district court did not have subject matter jurisdiction to enter its judgment. The circuit court disagreed. Whether the district court had subject matter jurisdiction to enter judgment is the only issue on appeal. Based on our Supreme Court's holding in *Hodge v State Farm Mut Auto Ins Co*, 499 Mich 211; 884 NW2d 238 (2016), we conclude that the district court did not have subject matter jurisdiction because plaintiffs' complaint pleaded damages in excess of $25,000. We therefore reverse.

## I. BACKGROUND

Many of the facts of this case are not pertinent to this appeal, so we only briefly summarize them. In October 2010, plaintiffs bought a car under warranty from defendant Bill Marsh that was manufactured by defendant Hyundai. Plaintiffs experienced numerous problems

---

[1] *Krolczyk v Hyundai Motor America*, unpublished order of the Court of Appeals, entered October 30, 2018 (Docket No. 343996).

with the car, which defendant Bill Marsh failed to fix. As a result, plaintiffs eventually brought a six-count complaint against defendants in circuit court.

A case evaluation rendered an award of $14,000 for plaintiffs, which defendants rejected. Following this evaluation, the parties entered an order stipulating that damages "exclusive of costs and attorney fees, are under the $25,000 jurisdictional requirement of the Circuit Court," and "stipulate[d] to the transfer of this case" to district court "[p]ursuant to MCR 2.227."

Plaintiffs, by leave of the district court, amended their complaint to include additional facts not relevant to this appeal. This amended complaint alleged the same six counts, but requested damages in excess of $25,000.

Following a six-day jury trial, the jury found in plaintiffs' favor on all six claims. After plaintiffs moved for entry of judgment, defendants raised, for the first time, the issue now on appeal: whether the district court lacked subject matter jurisdiction to enter judgment because plaintiffs' first amended complaint pleaded damages in excess of the district court's $25,000 jurisdictional limit. In reply, plaintiffs argued that the action was properly transferred under MCR 2.227, that the failure to plead the proper amount in damages was a technical oversight, and that the district court could appropriately allow plaintiffs to amend their complaint under MCR 2.118(A)(2).

At a hearing, the district court ruled on the record that plaintiffs' requested damages in their amended complaint was a "clerical error," and that the court was "vested with authority to permit the Plaintiff to amend that clerical error . . . ." The district court further explained that "everyone was under the assumption that [the district court] had jurisdiction," and that the court was "not going to grant" defendants' "Hail Mary" attempt to avoid judgment. The district court surmised:

> I do not believe that based on a--what appears in all respects to be a clerical error that I am divested of jurisdiction where the parties stipulated and Circuit Court ordered this matter down here and it evaluated for under $25,000 and everyone was here proceeding on the belief and the knowledge that this Court was the appropriate venue and--and the ca--court with jurisdiction to hear this case.

Following the hearing, the district court entered an order granting plaintiffs leave to file a second amended complaint, which plaintiffs did. The second amended complaint requested "less than $25,000" in damages. The district court eventually entered judgment for plaintiffs.

Defendants appealed to the circuit court, and again raised their jurisdiction argument. In a written opinion, the circuit court held that under MCL 600.2301, the district court could allow plaintiffs to amend their complaint because doing so did not affect defendants' substantial rights and was in the furtherance of justice. The circuit court further reasoned that, because this amendment was proper and brought the complaint under the district court's jurisdiction, the district court had subject matter jurisdiction when it entered judgment for plaintiffs.

Defendants now appeal by leave granted, again arguing that the district court lacked subject matter jurisdiction.

## II. STANDARD OF REVIEW

"Whether a court has subject-matter jurisdiction is a question of law reviewed de novo." *Hillsdale Co Senior Services, Inc v Hillsdale Co*, 494 Mich 46, 51; 832 NW2d 728 (2013).

## III. ANALYSIS

Circuit courts are courts of general jurisdiction, Const 1963, art 6 § 1, and "have original jurisdiction in all matters not prohibited by law," Const 1963, art 6, § 13. The 1963 Michigan Constitution, art 6, § 1, authorizes the Legislature to establish "courts of limited jurisdiction," which the Legislature did in 1968 by creating district courts, MCL 600.8101, as enacted by 1968 PA 154. See also *Hodge*, 499 Mich at 216. Thus, circuit courts are courts of general jurisdiction, while district courts are courts of limited jurisdiction.

MCL 600.8301(1) establishes the district court's current[2] limited jurisdiction: "The district court has exclusive jurisdiction in civil actions when the amount in controversy does not exceed $25,000.00." As explained by our Supreme Court in *Hodge*, 499 Mich at 216,

> The plain language of MCL 600.8301(1), read in conjunction with art 6, § 1 and MCL 600.605,[12] establishes that, in civil actions where no other jurisdictional statute applies, the district court is limited to deciding cases in which the amount in controversy does not exceed $25,000.

---

[12] "Circuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state."

The question before the Supreme Court in *Hodge* was simple: how to determine "the amount in controversy" for purposes of establishing the district court's jurisdiction. *Hodge*, 499 Mich at 217. And the answer was equally simple: "the pleadings determine the amount in controversy for purposes of the court's subject-matter jurisdiction." *Id*. at 219.

The pertinent question in this appeal is not whether the district court had subject matter jurisdiction when it entered judgment for plaintiffs, but whether it had subject matter jurisdiction to grant plaintiffs leave to amend their complaint to request damages not in excess of $25,000. Based on *Hodge*, the district court was without subject matter jurisdiction to enter an order allowing plaintiffs to amend their complaint because plaintiffs' pleadings established that the amount in controversy was more than $25,000 and defendants had not consented to amending

---

[2] When the Legislature first established the district court, it set the court's jurisdictional limit at $3,000, see 1968 PA 154, then raised it to $10,000 in 1971, see 1971 PA 148, and to $25,000 in 1996, see 1996 PA 388. See *Hodge*, 499 Mich at 216 n 11.

the pleadings to conform to the jurisdictional limit, thereby divesting the district court of subject matter jurisdiction. See *id.* at 219.

To understand this result, it may be helpful to juxtapose this case with how transfers from circuit court to district court are intended to work. Under MCR 2.227(A)(1),

> When the court in which a civil action is pending determines that it lacks jurisdiction of the subject matter of the action, but that some other Michigan court would have jurisdiction of the action, the court may order the action transferred to the other court in a place where venue would be proper.

"On June 16, 1998, the Michigan Supreme Court issued Administrative Order No. 1998–1, governing reassignment of circuit court actions to district courts and applying immediately to all actions filed after January 1, 1997." *Brooks v Mammo*, 254 Mich App 486, 491; 657 NW2d 793 (2002). Under that administrative order,

> A circuit court may not transfer an action to district court under MCR 2.227 based on the amount in controversy unless: (1) *The parties stipulate to the transfer and to an appropriate amendment of the complaint*, see MCR 2.111(B)(2)[3]; or (2) From the allegations of the complaint, it appears to a legal certainty that the amount in controversy is not greater than the applicable jurisdictional limit of the district court. [Administrative Order No. 1998–1, 457 Mich lxxxv-lxxxvi (1998) (emphasis added). See also *Etefia v Credit Techs., Inc*, 245 Mich App 466, 473; 628 NW2d 577 (2001).]

The parties here stipulated to the transfer, but it appears that they did not stipulate to "an appropriate amendment of the complaint." AO 1998-1. After 14 days of being filed, a complaint can only be amended in two ways: "by leave of the court or by written consent of the adverse party." MCR 2.118(A)(2). AO 1998-1 seems to suggest that the only way to amend a complaint that is transferred from circuit court to district court is by consent of the parties.[4]

---

[3] MCR 2.111(B)(2) provides that a complaint must contain

> [a] demand for judgment for the relief that the pleader seeks. If the pleader seeks an award of money, a specific amount must be stated if the claim is for a sum certain or a sum that can by computation be made certain, or if the amount sought is $25,000 or less. Otherwise, a specific amount may not be stated, and the pleading must include allegations that show that the claim is within the jurisdiction of the court. Declaratory relief may be claimed in cases of actual controversy. See MCR 2.605. Relief in the alternative or relief of several different types may be demanded.

[4] Having written our court rules, we believe it fair to assume that, when our Supreme Court issued AO 1998-1, it was familiar with the two ways to amend a complaint under MCR

-4-

This is logical. Once an action is transferred from the circuit court to the district court, the action proceeds in the district court "as if it had been originally filed there." MCR 2.227(B)(1). Without an amendment to the complaint to plead an amount in controversy less than $25,000, the district court does not have subject matter jurisdiction. See *Hodge*, 499 Mich at 216. Accord *Travelers Ins Co v Detroit Edison Co*, 465 Mich 185, 204; 631 NW2d 733 (2001) ("A court either has, or does not have, subject-matter jurisdiction over a particular case."). Without subject matter jurisdiction, the district court cannot do anything but dismiss the case. *Todd v Dep't of Corrections*, 232 Mich App 623, 628; 591 NW2d 375 (1998) ("When a court is without jurisdiction of the subject matter, any action with respect to such a cause, other than to dismiss it, is absolutely void.").[5]

Both the district and circuit courts reasoned that the district court could amend its complaint under MCL 600.2301, which provides:

> The court in which any action or proceeding is pending, has power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment rendered therein. The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties.

It seems clear that when the district court entered an order allowing plaintiffs to amend their complaint before judgment was entered, the action was "pending." The dictionary defines "pending" as "not yet decided." *Merriam-Webster's Collegiate Dictionary* (11th ed). See also *Black Law's Dictionary* (14th ed) (defining "pending" as "[r]emaining undecided; awaiting decision"). Yet even though the action was "pending" and therefore MCL 600.2301 applied, that statute could not be used to cure the specific deficiency here.

"Subject matter jurisdiction in particular is defined as the court's ability to exercise judicial power over that class of cases; not the particular case before it, but rather the abstract power to try a case of the kind or character of the one pending." *Campbell v St John Hosp*, 434 Mich 608, 613-614; 455 NW2d 695 (1990) (quotation marks and citation omitted). The subject matter jurisdiction of "the district court is limited to deciding cases in which the amount in controversy does not exceed $25,000." *Hodge*, 499 Mich at 216. Thus, the district court only has the ability to exercise judicial power over cases in which the amount in controversy does not

---

2.118(A)(2). We therefore also believe it significant that, in AO 1998-1, our Supreme Court listed only one of those two ways.

[5] This is true even though MCR 2.227(B)(1) provides, "The court to which the action is transferred may order the filing of new or amended pleadings." For this rule to apply (meaning for the transferee court to order the filing of new or amended pleadings), the court must have subject matter jurisdiction in the first place. Once that is established (which is accomplished by the parties stipulating to an appropriate amendment to the pleadings, see AO 1998-1), the transferee court has jurisdiction to order the filing of new or amended pleadings.

exceed $25,000. The "amount in controversy" is determined by the pleadings. *Id*. at 219. It follows that in cases where the pleadings state an amount in controversy greater than $25,000, the district court does not have the abstract power to exercise judicial authority over the case, which includes the power to enter an order under MCL 600.2301. See *Lamberton v Pawloski*, 248 Mich 330, 349; 227 NW 801 (1929) ("[A court's] acts without jurisdiction are not judicial acts.").[6]

Plaintiffs spend much time on appeal essentially arguing that they should be forgiven for inadvertently pleading the amount in controversy as being in excess of $25,000 when in reality the amount in controversy was less than $25,000. Plaintiffs do so by labeling their request for damages in excess of $25,000 as a "clerical oversight," an "inadvertent failure," or similar. The seminal case on the issue of determining the district court's jurisdiction is *Hodge*, which recognized a "bad faith" exception for when the district court's jurisdiction will not be determined by reference to the pleadings. *Hodge*, 499 Mich at 221-222. This Court expounded on that "bad faith" exception in *Meisner Law Group PC v Weston Downs Condo Ass'n*, 321 Mich App 702, 718-719; 909 NW2d 890 (2017). But plaintiffs' pleadings were not in bad faith. Plaintiffs seem to be arguing, instead, that this Court should recognize a "good faith" exception to the pleadings requirement: namely, that a district court should have subject matter jurisdiction even if the pleadings state an amount in controversy in excess of $25,000 so long as plaintiff actually intended to plead an amount in controversy less than $25,000. But there is no case law to support this exception, and it is unclear what the ramifications of such an exception would be. The *Hodge* Court adopted its approach for determining "the amount in controversy" (and, in effect, its approach for determining when the district court has jurisdiction) in part because of that approach's simplicity. See *Hodge*, 499 Mich at 222-223. Importing a new "good faith" exception to *Hodge*'s pleadings requirement could potentially complicate determining the district court's jurisdiction.

Plaintiffs also argue that the district court had subject matter jurisdiction because the parties stipulated to the amount in controversy, and should be held to that stipulation. While we agree with plaintiffs' general assertion that stipulating to the amount in controversy is distinct from stipulating to subject matter jurisdiction, plaintiffs' argument conflates the distinction. They argue that the district court had subject matter jurisdiction *because* the parties stipulated to the amount in controversy. It is well-established that "[p]arties may not . . . stipulate subject-matter jurisdiction." *Redding v Redding*, 214 Mich App 639, 643; 543 NW2d 75 (1995). Moreover, the district court's subject matter jurisdiction is determined by the amount in controversy alleged in the pleadings, *Hodge*, 499 Mich at 219, and plaintiffs have not provided

---

[6] Under AO 1998-1, the parties must not only stipulate to the transfer but also stipulate to an appropriate amendment of the complaint, and that latter necessary condition for transfer is critically missing. The case should not have been transferred in the first place and the complaint could not subsequently be amended to conform to the district court's jurisdictional limit without defendant's consent.

any authority for their assertion that the amount in controversy stipulated to by the parties is "controlling on the issue of damages."[7]

Needless to say, this resolution is less than ideal. The parties sat through a six-day jury trial, and this is clearly a last-ditch effort by defendants to avoid an unfavorable verdict. This ruling essentially rewards defendants' gamesmanship and allows them a second bite at the apple. Nonetheless, we believe the legal conclusion to be sound. This Court is bound by *Hodge*, and the only possible outcome in light of *Hodge* and the parties' arguments is that the district court lacked subject matter jurisdiction to allow plaintiffs to amend their complaint, and consequently lacked jurisdiction to enter judgment.

Reversed and remanded to the circuit court for further proceedings.


/s/ Patrick M. Meter
/s/ Colleen A. O'Brien
/s/ Brock A. Swartzle

---

[7] And, in any event, as we noted earlier, the action was improperly transferred in the first place because defendants did not consent to a conforming pleading.