CITY OF DETROIT v PRESTI

Docket No. 208648. Submitted September 22, 1999, at Detroit. Decided March 3, 2000, at 9:45 A.M.

The city of Detroit brought an action in the Wayne Circuit Court against Joseph Presti, seeking a declaration that, under MCL 500.2845; MSA 24.12845, it is entitled to retain escrowed funds that were withheld by Citizens Insurance Company of America from the monetary settlement paid by Citizens to Presti on his claim of fire loss under a Citizens policy insuring his house. Section 2845 allows such withholding and escrow as surety for the repair, replacement, or removal of the damaged structure so as to bring the property into compliance with code requirements. The court, Cynthia Diane Stephens, J., issued the requested declaratory judgment. Presti appealed by leave granted.

The Court of Appeals *held*:

1. Presti characterized the loss as fire loss in the sworn statement he made in connection with his proof of loss, and Citizens paid the settlement pursuant to that claim of loss. No merit lies in Presti's claim that most of the damage to his house was the result of vandalism, not of the fire that occurred during the vandalism, and that § 2845 applies only to loss actually caused by fire or explosion.

2. Section 2845 authorizes the withholding of the lesser of fifteen percent of the actual cash value of the insured real property at the time of the loss or fifteen percent of the final settlement. The amount withheld in this case does not represent the lesser of fifteen percent of the actual cash value of the property at the time of the loss or fifteen percent of the final settlement amount. The matter must be remanded for a recalculation of the appropriate amount.

Remanded.

*Margo C. Balkwill*, Assistant Corporation Counsel, for the plaintiff.

*Fresard and Associates, P.C.* (by *Donn Fresard*), for the defendant.

Before: DOCTOROFF, P.J., and HOLBROOK, JR., and KELLY, JJ.

PER CURIAM. Defendant appeals by leave granted the trial court's order denying his motion for a new trial and directing entry of a new judgment under MCR 2.611(A)(1) and (A)(2). We affirm the trial court's order, but remand for adjustment of the amount of the final insurance settlement to be retained by plaintiff.

Defendant owned a rental home located in the city of Detroit. The home had been vacant for a short period when, in early 1996, vandals entered the home and caused considerable damage to the structure, including the plaster walls, bathroom fixtures, kitchen cupboards, and countertops. In addition, a small fire was started in one of the rooms using wood from the home's walls.

On February 1, 1996, defendant filed a claim with his insurer, Citizens Insurance Company of America, for "fire damage" to the rental home. A Citizens claim investigator reported that the home sustained fire and smoke damage, as well as water damage from extinguishing the fire and from water lines that had subsequently frozen and burst. The adjuster estimated repair costs in excess of $43,000. Before the vandalism, the home had an appraised value of $14,000. A wrecking company estimated that it would cost approximately $4,185 to demolish the damaged house. Citizens calculated the whole loss and damage and issued a check to the insured for $31,160.[1] In accor-

---

[1] The actual amount of the loss is unclear; calculations on the Proof of Loss and supporting schedule are inconsistent with each other and with the settlement check amount.

dance with MCL 500.2845; MSA 24.12845, it withheld $4,185 from the final settlement check as surety for the repair, replacement, or removal of the damaged house.

Section 2845 requires that insurers paying a final settlement for loss to insured real property due to fire or explosion withhold a percentage of the proceeds for the benefit of the city, village, or township in which the insured property is located to ensure that the damaged or destroyed structure is repaired, replaced, or removed for the protection of the public health and safety. Section 2845 also imposes certain procedural requirements on the municipality in which the insured property is located in order to have the withheld amount placed in escrow as assurance that the damaged or destroyed property will be repaired, replaced, or removed. If the property is not repaired, replaced, or removed, the municipality is entitled to retain the escrowed proceeds.

Specifically, MCL 500.2845; MSA 24.12845[2] provided, in pertinent part, as follows:

> (1) Except as otherwise provided in this section, with respect to insured real property located in a city, village, or township which has elected to apply this section as provided in subsection (11), when a claim is filed for a loss to insured real property due to fire or explosion and a final settlement is reached on the loss to the insured real property, an insurer shall withhold from payment 15% of the actual cash value of the insured real property at the time of the loss or 15% of the final settlement, whichever is less. At the time that 15% of the settlement or judgment is withheld, the insurer shall give notice of the withholding to the trea-

---

[2] This section was amended by the Legislature effective July 1, 1998. 1998 PA 216.

surer of the city, village, or township in which the insured
real property is located, to the insured, and to any mortga-
gee having an existing lien or liens against the insured real
property, if the mortgagee is named on the policy. . . .

\*     \*     \*

(2) In order for the city, village, or township to escrow
the amount withheld by the insurer, and to retain that
amount, the following procedure shall be used:

(a) An affidavit prepared by the chief fire official or
another authorized representative of the city, village, or
township designated by the governing body of the city, vil-
lage, or township that the damaged insured structure vio-
lates existing named health and safety standards requiring
the escrow of the withheld amount as surety for the repair,
replacement, or removal of the damaged structure shall
constitute cause for escrowing of the withheld amount.

\*     \*     \*

(d) Within 30 days after the escrowing of the withheld
amount under this section, the city, village, or township
may apply to the circuit court for declaratory relief in order
to establish its right to the proceeds upon a showing that
the health, safety, and welfare of the inhabitants of the city,
village, or township will be jeopardized unless such pro-
ceeds are retained by the city, village or township. . . .

\*     \*     \*

(3) Upon receipt of money and information from an
insurer as prescribed in subsections (1) and (2), the local
treasurer shall record the information and the date of
receipt of the money and shall immediately deposit the
money in a trust or escrow account established for pur-
poses of this section. . . .

\*     \*     \*

(5) Except as provided in subdivision (c), the policy pro-
ceeds deposited under subsection (3) shall immediately be
forwarded to the insured when the chief fire official or

another authorized representative of the city, village, or township designated by the governing body of the city, village, or township receives or is shown reasonable proof of any of the following:

(a) That the damaged or destroyed portions of the insured structure have been repaired or replaced, except to the extent that the amount withheld under this subsection is needed to complete repair or replacement.

(b) That the damaged or destroyed structure and all remnants of the structure have been removed from the land on which the structure or the remnants of the structure were situated, in compliance with the local code requirements of the city, village, or township in which the structure was located.

(c) That the insured has entered into a contract to perform repair, replacement, or removal services with respect to the insured real property and that the insured consents to payment of funds directly to the contractor performing the services. Funds released under this subdivision may be forwarded only to a contractor performing services on the insured property.

*      *      *

(7) If with respect to a loss, reasonable proof is not received by or shown to a fire official or another authorized representative of the city, village, or township designated by the governing body of the city, village, or township within 445 days after the policy proceeds portion was received by the treasurer, the city, village, or township shall use the retained proceeds to secure, repair, or demolish the damaged or destroyed structure and clear the property in question, so that the structure and property are in compliance with local code requirements and applicable ordinances of the city, village, or township. Any unused portion of the retained proceeds shall be returned to the insured.

Gerald A. Daniel, director of the city of Detroit's Buildings and Safety Engineering Department, filed an affidavit requesting that a lien be placed on the with-

held proceeds as surety for the repair, replacement, or removal of the damaged house. Plaintiff subsequently filed a complaint for declaratory judgment, claiming a right to retain the escrowed proceeds as provided by § 2845. The trial court granted the city's motion for declaratory judgment, and denied defendant's motion for a new trial and directed entry of a new judgment.

Defendant argues that § 2845 applies only to loss actually caused by "fire or explosion," and that the trial court erred in interpreting the statute as meaning that fire or explosion had to be a cause, but did not have to be the sole cause of a loss. Statutory interpretation is a question of law that is reviewed de novo on appeal. *Oakland Co Bd of Co Rd Comm'rs v Michigan Property & Casualty Guaranty Ass'n*, 456 Mich 590, 610; 575 NW2d 751 (1998). If the language of the statute is unambiguous, the legislative intent is clear and no further judicial construction is required or permitted. *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999); *Heinz v Chicago Rd Investment Co*, 216 Mich App 289, 295; 549 NW2d 47 (1996).

It is undisputed that, in the sworn statement made in connection with his proof of loss, defendant characterized the loss as "fire loss." He also represented that the cause and origin of the loss was "fire damage to rental home." Pursuant to the claim of loss and its investigation thereof, Citizens paid defendant a final settlement. A plain reading of MCL 500.2845(1); MSA 24.12845(1) required Citizens to withhold fifteen percent of the final settlement. Daniel's affidavit, which indicated that defendant's property had been inspected and found to be in violation of city building

safety ordinances, was evidence that the property posed a hazard to public health and safety. Consequently, plaintiff was entitled to retain the proceeds under the plain language of MCL 500.2845(2)(d); MSA 24.12845(2)(d).

Defendant also argues that the trial court erred in interpreting § 2845 as allowing plaintiff to retain a percentage of the entire insurance proceeds because, as the trial court noted, "the overwhelming majority of the damage to the subject property was not as a consequence of fire or explosion but as a consequence of the act of vandalism." Because plaintiff was entitled to retain the statutorily prescribed percentage of proceeds pursuant to the plain language of the statute, there is no need to determine the propriety of the trial court's application of its interpretation of the breadth of the phrase "due to fire or explosion" to the facts of this case. This Court will not reverse a trial court's order if it reached the right result for the wrong reason. *Yerkovich v AAA*, 231 Mich App 54, 68; 585 NW2d 318 (1998).

We affirm, but remand for a determination of the amount of proceeds to be retained by plaintiff. Pursuant to subsection 2845(1), the amount to be withheld must be "15% of the actual cash value of the insured real property at the time of the loss or 15% of the final settlement, whichever is less." An appraisal introduced below estimated that defendant's property had a value of $14,000, and the final settlement amount was apparently calculated at $31,160. Citizens withheld $4,185, ostensibly as fifteen percent of the final settlement. However, $4,185 does not represent the lesser of either fifteen percent of the actual cash value of the property at the time of the loss or fifteen

percent of the final settlement amount. Thus, remand for a recalculation of the appropriate amount to be retained by plaintiff is necessary.

Remanded for recalculation and modification if necessary. We retain jurisdiction.