ETEFIA v CREDIT TECHNOLOGIES, INC

Docket No. 216166. Submitted December 13, 2000, at Detroit. Decided
April 27, 2001, at 9:10 A.M.

Okon Etefia brought an action in the Oakland Circuit Court against
Credit Technologies, Inc. (CTI), Lee Acceptance Corporation, attor-
ney Murdoch J. Hertzog, and Thomas D. Hocking after CTI disclosed
credit information concerning Etefia and his wife in response to a
subpoena signed by Murdoch as counsel for Lee Acceptance in a
debt collection action by Lee Acceptance against the plaintiff's wife
in the 48th District Court. Etefia alleged violations of the Fair
Credit Reporting Act (FCRA), 15 USC 1681 *et seq.*, by all defendants,
as well as malicious prosecution, abuse of process, and invasion of
privacy by all defendants other than CTI. The defendants counter-
claimed for malicious prosecution. The court, Alice L. Gilbert, J.,
granted summary disposition for CTI, ruling that Hertzog's subpoena
was a court order for purposes of the FCRA, which allows consumer
reporting agencies such as CTI to furnish a consumer report in
response to a court order. 15 USC 1681(a)(1). On its own motion,
the court also transferred the case against the remaining defen-
dants to the district court, ruling that the amount in controversy
did not appear to exceed the $25,000 jurisdictional limit of the dis-
trict court. When Etefia failed to pay the statutory filing fee follow-
ing the entry of the transfer order, the circuit court dismissed the
action without prejudice. Etefia appealed.

The Court of Appeals *held*:

1. The circuit court did not err in dismissing the claim against
CTI. The circuit court, which relied on MCR 2.506(B)(1) and MCR
2.117(B)(1) in determining that a subpoena signed by an attorney
of record is a court order for purposes of the FCRA, reached the
right result for the wrong reason. The question whether a subpoena
issued by an attorney of record is an order of the court for pur-
poses of the FCRA is a federal question controlled by federal law. In
the absence of a conflict among the federal appellate courts regard-
ing the question, the Court of Appeals is bound by the holding in
*Hahn v Star Bank*, 190 F3d 708 (CA 6, 1999), that a subpoena
issued by an attorney is an order of the court for purposes of the
FCRA.

2. The circuit court erred in transferring Etefia's claims against the remaining defendants to the district court. Pursuant to Administrative Order No. 1998-1, a circuit court may not transfer an action to the district court under MCR 2.227 based on the amount in controversy unless the parties stipulate the transfer and an appropriate amendment of the complaint, or, from the allegations of the complaint, it appears to a legal certainty that the amount in controversy is not greater than the applicable jurisdictional limit of the district court. The jurisdictional limit of the district court was raised from $10,000 to $25,000 by an amendment of MCL 600.8301 that became effective after Etefia filed his complaint. The amended statutory jurisdictional limit may be retroactively applied to actions filed before the effective date of the amendment inasmuch as the statute is procedural and does not impair or burden any vested right; a remedial or procedural statute, if it does not deny vested rights, may be excepted from the general rule that a new or amended statute applies prospectively unless the Legislature has expressly or impliedly indicated retrospective application. The circuit court erred in transferring to the district court Etefia's claims against the remaining defendants. A review of Etefia's complaint, the defendants' counterclaim, and the nature of the damages available under the claims does not lead to legal certainty that the amount in controversy does not exceed the $25,000 jurisdictional limit of the district court.

Affirmed in part, reversed in part, and remanded to the circuit court for further proceedings.

1. DEBTOR AND CREDITOR — FAIR CREDIT REPORTING ACT — CONSUMER REPORTS — COURT ORDERS — SUBPOENAS.

A subpoena issued by an attorney of record is a court order for purposes of the Fair Credit Reporting Act, which permits a consumer reporting agency to furnish a consumer report in response to a court order (15 USC 1681b[a][1]).

2. COURTS — DISTRICT COURT — CIVIL ACTIONS — JURISDICTIONAL LIMIT.

The statutory amendment by which the jurisdictional limit of the district court over civil actions was raised from $10,000 to $25,000 may be applied retroactively to actions filed before the January 1, 1998, effective date of the amendment (MCL 600.8301, as amended by 1996 PA 388).

*Kelly L. Bidelman*, for Okon Etefia.

*Bigler, Berry, Johnston, Sztykiel & Hunt, P.C.* (by *Eric S. Goldstein*), for Credit Technologies, Inc.

Before: DOCTOROFF, P.J., and CAVANAGH and METER, JJ.

CAVANAGH, J. Plaintiff Okon Etefia appeals as of right an order granting defendant Credit Technologies, Inc. (CTI), summary disposition of his claim for alleged violations of the Fair Credit Reporting Act (FCRA), 15 USC 1681 *et seq.* We affirm with regard to that order. Plaintiff also appeals from an order transferring his case against the remaining defendants from the circuit court to the 48th District Court pursuant to MCR 2.227. We reverse and remand with regard to that order.

This claim arises as a consequence of defendant CTI's[1] production of credit information regarding plaintiff and his wife in response to a subpoena. The subpoena was signed by defendant Murdoch J. Hertzog, as counsel for defendant Lee Acceptance Corporation (Lee),[2] and was served on defendant CTI in the course of a debt collection action originally filed against plaintiff's wife on behalf of defendant Lee in the 48th District Court.

Plaintiff brought the instant action alleging violations of the FCRA against all four defendants and, in addition, asserted various tort claims against defendants Hertzog, Thomas D. Hocking, and Lee. Defendant CTI moved for summary disposition, pursuant to MCR 2.116(C)(8) and (10), arguing that it did not violate the FCRA because it properly complied with a court order, the subpoena. Relying on MCR 2.506(B)(1) and MCR 2.117(B)(1), the trial court held

---

[1] Defendant CTI is allegedly a consumer reporting agency engaged in the business of furnishing consumer credit reports to third parties.

[2] Defendant Lee is allegedly a debt collection agency.

that a subpoena signed by an attorney of record is a court order for purposes of the FCRA and that defendant Hertzog was an attorney of record although he had not filed his appearance until after the subpoena was served on defendant CTI. Consequently, the trial court granted defendant CTI summary disposition.

Subsequently, on its own motion pursuant to MCR 2.227, the circuit court entered an order transferring the case against the remaining defendants to the 48th District Court. The court held that it did not have subject-matter jurisdiction over the action because the case mediated for less than $25,000 and, on review of the complaint, it appeared that the amount in controversy did not exceed $25,000. After plaintiff failed to pay the statutory filing fee following entry of the transfer order, the circuit court dismissed plaintiff's case without prejudice.

On appeal, plaintiff first argues that the trial court erred in summarily dismissing his claim against CTI because a subpoena issued by an attorney is not a court order for purposes of the FCRA, in particular 15 USC 1681b(a)(1). We disagree. This Court reviews rulings on motions for summary disposition de novo. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). Statutory interpretation is a question of law that is considered de novo on appeal. *Oakland Co Bd of Co Rd Comm'rs v Michigan Property & Casualty Guaranty Ass'n*, 456 Mich 590, 610; 575 NW2d 751 (1998).

15 USC 1681b provides, in pertinent part:

> (a) Subject to subsection (c), any consumer reporting agency may furnish a consumer report under the following circumstances and no other:

(1) In response to the order of a court having jurisdiction to issue such an order, or a subpoena issued in connection with proceedings before a Federal grand jury.

The trial court, relying on MCR 2.506(B)(1), held that a subpoena issued by an attorney of record is an order of the court for purposes of the FCRA. However, this case requires the interpretation of 15 USC 1681b, a federal statute; therefore federal law controls. See *Ann Arbor Housing Comm v Wells*, 240 Mich App 610, 614, n 4; 618 NW2d 43 (2000), quoting *Auto-Owners Ins Co v Corduroy Rubber Co*, 177 Mich App 600, 604; 443 NW2d 416 (1989). Further, state courts are bound by holdings of federal courts on federal questions where there is no conflict among federal appellate courts. *Ann Arbor Housing Comm, supra* at 614, n 4, citing *Schueler v Weintrob*, 360 Mich 621, 633-634; 105 NW2d 42 (1960), and *Young v Young*, 211 Mich App 446, 450; 536 NW2d 254 (1995). Accordingly, the trial court erred in relying on the Michigan Court Rules for interpretation of the FCRA. However, this Court will not reverse a trial court's order if it reached the right result for the wrong reason. *Detroit v Presti*, 240 Mich App 208, 214; 610 NW2d 261 (2000).

The issue whether a subpoena issued by an attorney is an order of the court for purposes of 15 USC 1681b(a)(1) was raised in *Hahn v Star Bank*, 190 F3d 708 (CA 6, 1999). In that case, the plaintiffs asserted that the FCRA was violated by the disclosure of loan information in response to a subpoena that was invalid because it was issued by an attorney and thus was not an order of the court for purposes of the FCRA. The *Hahn* Court disagreed, holding:

> In the first place, the subpoena issued by Gonzales [attorney] has every appearance of being "an order of a court," given that it is signed by Gonzales on behalf of the clerk of the court. *See In re Grand Jury Proceedings*, 503 F Supp 9, 12 (D N J 1980) (reasoning that an "order of a court" under this section of FCRA may be oral, may be a paper bearing the word "order" that is "signed by a judge or other judicial officer [,][o]r it may be a subpoena, writ of execution or other process."). [*Hahn, supra* at 713.]

We are unaware of any conflict among the federal appellate courts with regard to this issue and thus are bound by the *Hahn* holding. See *Ann Arbor Housing Comm, supra*. Therefore, a subpoena issued by an attorney is an order of the court for purposes of 15 USC 1681b(a)(1).

Plaintiff argues, in the alternative, that the subpoena was invalid because it was not signed by an attorney of record, plaintiff was not a party in the debt collection case at the time the subpoena was issued, and there was no permissible purpose under the FCRA for defendant CTI to release the credit information. First, although defendant Hertzog did not formally file his appearance until after the issuance of the subpoena, he filed pleadings with the district court before the issuance of the subpoena and thus performed acts indicating that he represented defendant Lee in the action in accordance with MCR 2.117(B)(1). Second, plaintiff has cited no law providing that a subpoena becomes invalid if the parties are not accurately stated on the subpoena. Insufficiently briefed issues are deemed abandoned on appeal. See *Dresden v Detroit Macomb Hosp Corp*, 218 Mich App 292, 300; 553 NW2d 387 (1996). Finally, whether the disclosure of plaintiff's credit information was for an impermissible purpose under the FCRA was not

properly preserved for appeal because it was not raised before and addressed by the trial court. See *Fast Air, Inc v Knight*, 235 Mich App 541, 549; 599 NW2d 489 (1999). Accordingly, the trial court properly dismissed plaintiff's claim against defendant CTI.

Next, plaintiff argues that the circuit court erred in transferring his claims against the remaining defendants to the 48th District Court because 15 USC 1681p provides any state court with jurisdiction without regard to the amount in controversy. We disagree. Whether a trial court has subject-matter jurisdiction is a question of law that this Court reviews de novo. *Rudolph Steiner School of Ann Arbor v Ann Arbor Charter Twp*, 237 Mich App 721, 730; 605 NW2d 18 (1999).

15 USC 1681p provides, in pertinent part:

> An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction . . . .

The statute is plain and unambiguous; it does not specifically grant jurisdiction to a state circuit court, but to a court of competent jurisdiction. If the plain and ordinary meaning of statutory language is clear, judicial construction is generally neither necessary nor permitted. *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999). Claims involving the FCRA may be brought in state courts. *Broom v TRW Credit Data*, 732 F Supp 66, 69 (ED Mich, 1990). A court of competent jurisdiction would be determined by the law of a particular state. In Michigan, circuit courts have original jurisdiction over civil claims except where exclusive jurisdiction is given in the constitu-

tion or by statute to another court. See MCL 600.605. However, MCL 600.8301 provides district courts with exclusive jurisdiction over civil claims when the amount in controversy does not exceed $25,000. Consequently, the circuit court did not have exclusive jurisdiction over plaintiff's FCRA claim and did not improperly deprive plaintiff of jurisdiction.

Plaintiff finally argues that the circuit court erred in transferring his claims against the remaining defendants to the 48th District Court, pursuant to MCR 2.227, for lack of subject-matter jurisdiction based on the amount in controversy. We agree.

Administrative Order No. 1998-1 controls reassignment of circuit court actions to the district court with regard to actions filed after January 1, 1997. Plaintiff filed his complaint on June 12, 1997; therefore, AO 1998-1 was applicable and provides, in pertinent part:

> A circuit court may not transfer an action to district court under MCR 2.227 based on the amount in controversy unless: (1) The parties stipulate to the transfer and to an appropriate amendment of the complaint, see MCR 2.111(B)(2); or (2) From the allegations of the complaint, it appears to a legal certainty that the amount in controversy is not greater than the applicable jurisdictional limit of the district court.

MCL 600.8301 provides the district court with exclusive jurisdiction in civil actions when the amount in controversy does not exceed $25,000. However, the amendment of MCL 600.8301 that increased the jurisdictional limit of district courts from $10,000 to $25,000, became effective January 1, 1998,[3] after plaintiff filed his complaint. Therefore, we must first

---

[3] MCL 600.8301 was amended by 1996 PA 388, § 1.

determine whether the amendment of MCL 600.8301 should be applied retroactively.

A general rule of statutory construction is that a new or amended statute applies prospectively unless the Legislature has expressly or impliedly indicated its intention to give it retrospective effect. *Seaton v Wayne Co Prosecutor (On Second Remand)*, 233 Mich App 313, 316-317; 590 NW2d 598 (1998). However, a remedial or procedural statute may be excepted from the general rule if it does not deny vested rights. See *In re Certified Questions (Karl v Bryant Air Conditioning Co)*, 416 Mich 558, 575; 331 NW2d 456 (1982). MCL 600.8301 is a jurisdictional statute and thus procedural in nature in that it provides for the allocation of civil actions between district and circuit courts depending on the amount in controversy. See *Baxter v Gates Rubber Co*, 171 Mich App 588, 591; 431 NW2d 81 (1988). Consequently, retrospective application of the amendment of MCL 600.8301 would not impair or burden any vested right. See *In re Certified Questions, supra* at 570-571, 575. Accordingly, we hold that the amended statute may be applied retroactively to actions that were filed before its effective date of January 1, 1998.

The next issue to be considered is whether the trial court properly determined that the amount in controversy was, with legal certainty, not greater than the $25,000 jurisdictional limit of the district court. AO 1998-1. In rendering its decision to transfer the case to the district court, the trial court referenced its review of the complaint and noted that the case mediated for less than $25,000 before holding that it did not have "jurisdiction over a matter, a civil claim, for less than $25,000." Although the mediation evaluation

may provide some guidance regarding a decision to transfer an action, it is not dispositive. AO 1998-1 clearly provides that the allegations of the complaint must be considered in determining whether the amount in controversy appears to a legal certainty to be within the jurisdictional limit of the district court.

Our review of the allegations contained in plaintiff's complaint and the nature of the damages available under the claims does not lead us to conclude with legal certainty that the amount in controversy does not exceed the jurisdictional limit of the district court. In particular, plaintiff alleged wilful noncompliance with provisions of the FCRA because defendants obtained plaintiff's consumer credit information under false pretenses and for an impermissible purpose. If plaintiff prevailed on his claim, 15 USC 1681n provides for a potential award of punitive damages. Plaintiff also alleged malicious prosecution pursuant to MCL 600.2907, which potentially allows treble damages if plaintiff prevailed on his claim. In addition, plaintiff's complaint alleged abuse of process and invasion of privacy claims. Further, defendants filed a counterclaim for malicious prosecution. Review of the causes of action alleged in the complaint and the counterclaim reveals a potential for significant damages in this case and leads us to conclude that the amount in controversy does not appear to a legal certainty to be within the jurisdictional limit of the district court. See MCL 600.8301; AO 1998-1. Therefore, the trial court erred in transferring the action against the remaining defendants to the 48th District Court pursuant to MCR 2.227.

Affirmed in part, reversed in part, and remanded to the circuit court for further proceedings consistent with this opinion. We do not retain jurisdiction.