AZTEC AIR SERVICE, INC v DEPARTMENT OF TREASURY
SHROYER v DEPARTMENT OF TREASURY

Docket Nos. 224643, 225072. Submitted February 12, 2002, at Detroit. Decided July 26, 2002. Approved for publication September 27, 2002, at 9:15 A.M.

The Tax Tribunal dismissed for lack of subject-matter jurisdiction both a petition filed by Aztec Air Service, Inc., appealing a use tax assessment issued by the Department of Treasury and a petition filed by Robert L. Shroyer appealing an income tax assessment issued by the department. The taxpayers had sent their petitions by certified mail within thirty-five days of the issuance of the assessments. However, the tribunal, on motions by the department, dismissed the appeals on the basis that the tribunal had not received the mailed petitions within thirty-five days of the issuance of the assessments. The taxpayers appealed separately, and the appeals were consolidated.

The Court of Appeals *held*:

MCL 205.735(2), as amended by 2000 PA 165, effective June 20, 2000, provides in part that the jurisdiction of the Tax Tribunal is invoked by a party in interest, as petitioner, filing a written petition within thirty-five days if the appeal is pursuant to MCL 205.22(1). Subsection 22(1) provides that a taxpayer aggrieved by an assessment, decision, or order of the Department of Treasury may appeal the contested portion of the assessment, decision, or order to the tribunal within thirty-five days of the assessment, decision, or order. Under MCL 205.735(2), as amended by 2000 PA 165, an appeal pursuant to MCL 205.22(1) is considered filed on the date the petition for appeal is sent by certified mail to the tribunal. MCL 205.735(2), being procedural in nature, applies in its amended form to the petitions filed by the taxpayers at bar.

Reversed and remanded.

TAXATION — TAX TRIBUNAL — PETITIONS — CERTIFIED MAIL.

An appeal to the Tax Tribunal by a taxpayer aggrieved by a non-property tax assessment issued by the Department of Treasury is considered filed when the petition for appeal is sent to the tribunal by certified mail within thirty-five days after the issuance of the assessment (MCL 205.22[1], 205.735[2]).

*Miller, Canfield, Paddock and Stone, P.L.C.* (by *Joanne B. Faycurry*), for Aztec Air Service, Inc., and Robert L. Shroyer.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Glenn R. White* and *Gerald A. Whalen*, Assistant Attorneys General, for Department of Treasury.

Before: WHITBECK, C.J., and MARKEY and KELLY, JJ.

PER CURIAM. In these consolidated appeals, petitioners appeal as of right from orders rendered by the Tax Tribunal dismissing their claims for lack of jurisdiction. In both cases, petitioners mailed their petitions by certified mail within thirty-five days of the Department of Treasury's final assessment, but the Tax Tribunal did not actually receive them until one day after the thirty-five-day period set by MCL 205.22(1)[1] lapsed. Pursuant to *General Motors Corp v Detroit*, 141 Mich App 630; 368 NW2d 739 (1985), the tribunal held that the petitioners failed to timely file their respective appeals to invoke the jurisdiction of the tribunal. Because we find that 2000 PA 165, effective June 20, 2000, applies retroactively, we reverse and remand.

### I. BACKGROUND AND PROCEDURAL HISTORY

For a clear understanding of the issues presented by the cases at bar, we must consider and briefly review the statutory provisions in effect at the time that these matters arose.

---

[1] MCL 205.1 *et seq.* governs the Revenue Division of the Department of Treasury.

For appeals of non-property tax issues arising under the revenue act, MCL 205.1 *et seq.*, the Tax Tribunal shares jurisdiction with the Court of Claims. MCL 205.22 provides in pertinent part:

> (1) A taxpayer aggrieved by an assessment, decision, or order of the department may appeal the contested portion of the assessment, decision, or order to the tax tribunal *within 35 days*, or to the court of claims within 90 days after the assessment, decision or order. . . .

> \*     \*     \*

> (2) An appeal under this section *shall be perfected as provided under the tax tribunal act.* [MCL 205.701 *et seq.* (emphasis added).]

Subsection 35(2) of the Tax Tribunal Act governs the procedure for perfecting an appeal and invoking the jurisdiction of the Tax Tribunal. When both the petitioners involved herein filed their respective appeals, subsection 35(2) of the Tax Tribunal Act provided in relevant part:

> The jurisdiction of the tribunal *in an assessment dispute* is invoked by a party in interest, as petitioner, filing a written petition on or before June 30 of the tax year involved. Except in the residential property and small claims division, a written petition is considered filed by June 30 of the tax year involved *if it is sent by certified mail* on or before June 30 of that tax year. In the residential property and small claims division, a written petition is considered filed by June 30 of the tax year involved if it is postmarked by first class mail or delivered in person on or before June 30 of the tax year involved. . . . *In all other matters, the jurisdiction of the tribunal is invoked by a party in interest, as petitioner filing a written petition within 30 days after the final decision, ruling, determination, or order that the petitioner seeks to review.* . . . Service of the petition on the

respondent shall be by certified mail. [MCL 205.735(2) (emphasis added).]

In Docket No. 224643, Aztec Air Service, Inc., appealed to the Michigan Tax Tribunal a use tax assessment issued by the Department of Treasury on August 26, 1998. Aztec mailed its petition by certified mail, return receipt requested, on September 30, 1998, within the thirty-five-day period specified in MCL 205.22(1). The Tax Tribunal, however, did not actually *receive* Aztec's petition until October 1, 1998, *thirty-six* days after the Department of Treasury issued its final assessment.

Consequently, when the Department of Treasury responded to Aztec's petition, it defended on the grounds that the Tax Tribunal lacked subject-matter jurisdiction because Aztec failed to timely file its appeal. The Tax Tribunal agreed and granted respondent's motion for summary disposition and dismissed Aztec's appeal. Aztec moved for reconsideration and, while that motion was pending, also filed a motion to hold the case in abeyance pending action by the Legislature to clarify the filing provisions of MCL 205.735(2). The tribunal denied reconsideration and further held that the motion to hold in abeyance was moot.

In Docket No. 225072, the Department of Treasury issued its final assessment for Robert L. Shroyer's individual income tax on August 28, 1997. On October 1, 1998, Shroyer appealed the department's income tax assessment to the Michigan Tax Tribunal by mailing his petition by certified mail, return receipt requested, within the thirty-five-day period specified in subsection 22(1). Although Shroyer mailed his petition within the requisite thirty-five days, the Tax Tri-

bunal did not *receive* his appeal until *thirty-six* days after respondent issued its final assessment.

Consequently, the Department of Treasury moved for summary disposition, arguing that the Tax Tribunal lacked subject-matter jurisdiction over Shroyer's appeal. In response, the Tax Tribunal, sua sponte, entered an order of dismissal concluding that the non-property tax petition was not timely filed in accordance with the mandates specified in subsection 22(1). Shroyer likewise moved for reconsideration and, while that motion was pending, also filed a motion to hold the case in abeyance pending action by the Legislature to clarify the filing provisions of MCL 205.735(2). The tribunal denied reconsideration and further held that the motion to hold in abeyance was moot.

After the petitioners in the instant cases filed their respective appeals, the Legislature promulgated 2000 PA 165, effective June 20, 2000, which clarified the provisions of subsection 35(2) relative to what constitutes a "filing" for non-property tax appeals. The amendatory act rewrote subsection 35(2), which now provides in pertinent part:

> In all other matters, the jurisdiction of the tribunal is invoked by a party in interest, as petitioner, filing a written petition within 30 days after the final decision . . . *or within 35 days if the appeal is pursuant to section 22(1)* [MCL 205.22(1)]. *Except in the residential property and small claims division, a written petition is considered filed if it is sent by certified mail* or delivered in person on or before expiration of the period in which an appeal may be made as provided by law. [MCL 205.735(2) (emphasis added).]

Recently, this Court approved for publication *Florida Leasco, LLC v Dep't of Treasury*, 250 Mich

App 506; 655 NW2d 302 (2002), which definitively establishes that for "all matters," mailing an appeal of a tax assessment by certified mail within thirty-five days constitutes "filing" for purposes of subsection 35(2) of the Tax Tribunal Act and is thus sufficient to perfect an appeal and invoke the tribunal's jurisdiction.

Because we are bound by the decision rendered in *Florida Leasco*,[2] we must necessarily conclude that petitions for assessment disputes not involving property are filed for purposes of subsection 35(2) of the Tax Tribunal Act when sent by certified mail within the statutory period delineated in subsection 22(1) even though the tribunal actually receives the petition after the applicable period lapses.

However, even in the absence of our recent decision in *Florida Leasco*, we would find that the amendatory legislation contained in 2000 PA 165 applies retroactively to the cases currently at bar requiring reversal of the Tax Tribunal's decision dismissing petitioners' cases for want of jurisdiction.

## II. RETROACTIVE APPLICATION OF RECENT AMENDATORY LEGISLATION TO MCL 205.735

The most recent amendment of subsection 35(2) of the Tax Tribunal Act makes it abundantly clear that except for claims filed in the residential or small claims division, mailing an appeal of a tax assessment by certified mail within thirty-five days constitutes "filing" for purposes of subsection 35(2) and is thus sufficient to perfect an appeal and invoke the tribunal's jurisdiction. 2000 PA 165.

---

[2] MCR 7.215(I)(1).

It is axiomatic that the primary goal of judicial interpretation of statutes is to ascertain and give effect to the Legislature's intent. *Frankenmuth Mut Ins Co v Marlette Homes, Inc*, 456 Mich 511, 515; 573 NW2d 611 (1998). Accordingly, when determining whether a statute applies retroactively, the intent of the Legislature controls. *Travis v Preston (On Rehearing)*, 249 Mich App 338; 643 NW2d 235 (2002). Generally, an amended statute applies prospectively "unless the Legislature has expressly or impliedly indicated its intention to give it retrospective effect." *Etefia v Credit Technologies, Inc*, 245 Mich App 466, 474; 628 NW2d 577 (2001). However, where the statute at issue is remedial or procedural in nature, the presumption of prospective application does not apply. *Cipri v Bellingham Frozen Foods, Inc*, 213 Mich App 32, 37; 539 NW2d 526 (1995). A statute is remedial or procedural in character if "it is designed to correct an existing oversight in the law or redress an existing grievance," *Macomb Co Professional Deputies Ass'n v Macomb Co*, 182 Mich App 724, 730; 452 NW2d 902 (1990), and does not otherwise deny any vested rights. *Etefia, supra* at 474.

MCL 205.735(2) is a statute that governs the jurisdiction of the Tax Tribunal and is therefore a statute governing procedure. See *id.* Indeed, subsection 35(2) governs when and how a petitioner invokes the Tax Tribunal's jurisdiction. With the 1985 amendment, the Legislature specifically stated that its intent was to codify "the petition filing provisions" contained in Tax Tribunal Rule 201. Tax Tribunal Rule 201 unequivocally provided that except in the small claims division, an "appeal, application for review, or any other

proceeding" is "filed" when "mailed by certified mail" *or* "delivered in person."

The Legislature's stated intent notwithstanding, the actual statutory enactment did not adequately and clearly provide that non-property tax appeals are "filed" upon mailing by certified mail. Consequently, to give further effect to the Legislature's specific intent as initially set forth in the preface to the 1985 amendment, commensurate with Tax Tribunal Rule 201, 2000 PA 165 clearly specifies that petitions for non-property tax appeals are considered "filed" when sent by certified mail or delivered in person within the appropriate period provided by law.

Additionally, the 2000 amendment also specifies that appeals brought pursuant to subsection 22(1) must be filed within *thirty-five* days of the final assessment as opposed to thirty days. This particular alteration of the statutory language governs procedure and further indicates the Legislature's continuing effort to harmonize the provisions of subsection 22(1) and subsection 35(2) relative to perfecting an appeal and invoking the jurisdiction of the Tax Tribunal in accordance with the express legislative intent initially set forth upon the advent of the 1985 amendment. Because 2000 PA 165 amends a statute that is fundamentally procedural in nature, retrospective application would not impair or otherwise impermissibly burden any vested right. *Etefia, supra* at 474. Therefore, we hold that the amended statute applies retroactively to causes of action filed before June 20, 2000. *Id.*

In the case at bar, it is undisputed that both Aztec and Shroyer mailed their respective appeals within the applicable thirty-five-day statutory period. Equally

undisputed is that the tribunal did not actually receive either petition until one day after the thirty-five days elapsed, thus prompting the tribunal to dismiss both cases for lack of subject-matter jurisdiction. Because both petitioners sent their respective petitions for appeal by certified mail within the statutory thirty-five-day period, we find that both petitioners properly filed their respective petitions and thus invoked the jurisdiction of the Tax Tribunal regardless of when the tribunal actually received the petitions.

Accordingly, we reverse the Tax Tribunal decisions dismissing the petitioners' appeals for lack of subject-matter jurisdiction.[3] Reversed and remanded to the Tax Tribunal. We do not retain jurisdiction.

---

[3] In light of our resolution, we need not consider the remaining issues raised on appeal.