655 N.W.2d 552 (2003)
FLORIDA LEASCO, LLC., Petitioner-Appellee,
v.
DEPARTMENT OF TREASURY, Respondent-Appellant.
Docket No. 121399, COA No. 225119.
Supreme Court of Michigan.
January 22, 2003.
On order of the Court, the delayed application for leave to appeal from the January 15, 2002 decision of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
CORRIGAN, C.J., concurs and states as follows:
I join the order denying leave to appeal, but write separately to discuss an error in the Court of Appeals statutory analysis. The Court erred in finding the term "filing" in M.C.L. § 205.735(2) ambiguous. In the second and third sentences of this provision (regarding assessment disputes and the residential property and small claims division), the Legislature provided for filing by either certified or first-class mail, but did not approve filing by certified mail for petitions in "all other matters." This does not render the use of the term "filing" ambiguous. Accordingly, the Court erred in looking beyond the unambiguous language of the statute.
Despite these errors, I join the denial order because M.C.L. § 205.735 has been amended by 2000 PA 165 to provide that a petition is filed when it is sent by certified mail or delivered in person, or sent by first-class mail or delivered in person if the petition involves the residential and small claims division. The Court of Appeals has held that this amendment is retroactive. See Aztec Air Service v. Dep't of Treasury, 253 Mich.App. 227, 654 N.W.2d 925 (2002). Because retro active application of the amendment would render the same result, I concur in the order denying leave to appeal despite the erroneous statutory analysis.