FORD MOTOR CREDIT COMPANY v CITY OF DETROIT

Docket No. 232848. Submitted November 13, 2002, at Detroit. Decided January 3, 2003, at 9:05 A.M.

Ford Motor Credit Company brought an action in the Wayne Circuit Court against the city of Detroit, seeking a declaration that the plaintiff, as the lessor of automobiles for which civil infraction tickets for parking violations were issued by the defendant from April 13, 1995, to November 30, 1999, is not liable for the fines associated with the parking tickets. The court, Edward M. Thomas, J., granted summary disposition for the defendant, ruling that the plaintiff can be held liable pursuant to MCL 257.675c. The plaintiff appealed.

The Court of Appeals *held*:

At the time the tickets were issued, MCL 257.675c(1) read: "If a vehicle is stopped, standing, or parked in violation of . . . state statute, or a local ordinance prohibiting or restricting the stopping, standing, or parking of a vehicle and the violation is a civil infraction, the person in whose name that vehicle is registered in this state or another state at the time of the violation is prima facie responsible for that violation . . . ." Subsection 675c(1) created a rebuttable prima facie case that the person in whose name an illegally parked vehicle is registered is responsible for the violation. Such prima facie responsibility can be rebutted with evidence that someone else is responsible for the violation. A registered owner found responsible under subsection 675c(1) had, under subsection 675c(3), the right to recover from the person actually responsible damages for fines and costs imposed. As used in subsection 675c(3), " registered owner" refers to a person holding legal title of a vehicle, whose possession of legal title has been listed in an official recording of names. The plaintiff in this case falls within the definition of "registered owner."

Affirmed.

*Butzel Long* (by *Carl Rashid, Jr., James J. Giszczak,* and *Michael F. Smith*) for the plaintiff.

*Phyllis A. James,* Corporation Counsel, and *Joanne D. Stafford,* for the defendant.

Before: JANSEN, P.J., and HOLBROOK, JR., and COOPER, JJ.

HOLBROOK, JR., J. Plaintiff appeals as of right from an order of the trial court granting summary disposition to defendant under MCR 2.116(C)(10). We affirm.

The underlying facts are not in dispute. Plaintiff, the financial credit arm of the Ford Motor Company, is the titleholder of each of the motor vehicles that the Ford Motor Company leases. From April 13, 1995, through November 30, 1999, defendant issued more than 22,000 parking violation tickets, with fines totaling in excess of $861,000, to lessees of Ford Motor Company motor vehicles. Defendant has attempted to collect for these violations from plaintiff.

In July 2000, plaintiff filed its complaint for declaratory relief under MCR 2.605, followed by its motion for summary disposition under MCR 2.116(C)(10). In both filings, plaintiff argued that under MCL 257.675a and MCL 257.675b, it could not be held liable for the parking violations of its lessees. Defendant countered that §§ 675a and 675b did not apply because the matter involved civil, not criminal, infractions. Defendant argued that, instead, the matter was governed by MCL 257.675c and that defendant was entitled to summary disposition under MCR 2.116(I)(2). The court granted summary disposition to defendant, reasoning as follows:

> The court thus finds that since Ford Motor Credit Company is the registered owner of the vehicles to which the parking violations were issued, and since violations of ordinances of this type are civil infractions then under both the City of Detroit Ordinance 55-6-32 and MCL 257.675(c) [sic] Ford Motor Credit is responsible for the violations.

Plaintiff first argues that the trial court fundamentally misread, and thus misapplied, the provisions of MCL 257.675c. Resolution of this issue turns on an interpretation of the statute, which we review de novo on appeal. *McAuley v Gen Motors Corp*, 457 Mich 513, 518; 578 NW2d 282 (1998). "The overriding goal guiding judicial interpretation of statutes is to discover and give effect to legislative intent. The starting place for the search for intent is the language used in the statute." *Bio-Magnetic Resonance, Inc v Dep't of Pub Health*, 234 Mich App 225, 229; 593 NW2d 641 (1999) (citations omitted). If the language of the statute is clear and unambiguous, then no further interpretation is required.

At the time that the parking tickets were issued[1] and the judicial proceedings had begun, MCL 257.675c read in pertinent part:

> (1) If a vehicle is stopped, standing, or parked in violation of sections 672, 674, 674a, 675, 676, or other state statute, or a local ordinance prohibiting or restricting the stopping, standing, or parking of a vehicle and the violation is a civil infraction, the person in whose name that vehicle is registered in this state or another state at the time of the violation is prima facie responsible for that violation and subject to section 907.

Section 675c is a public welfare statute, created by the Legislature under its police power authority.

---

[1] Sections 675a, 675b, and 675c were substantially rewritten by the Legislature in 2000. 2000 PA 268. These amendments corrected some significant ambiguities and contradictions in the legislative scheme that complicated resolution of this matter below. For example, the evidentiary presumption created by section 675b before its amendment in 2000 was rendered void in those very situations that it should have applied by subsection 675b(2), which read: "This section does not apply to a violation which is a civil infraction."

*People v Lardie*, 452 Mich 231, 240; 551 NW2d 656 (1996); *People v Roby*, 52 Mich 577, 579; 18 NW 365 (1884). Experience demonstrates that the enforcement problems attendant to parking violations are significant, given that most parking tickets are not issued while the driver is present. Instead of requiring the local governmental unit issuing the ticket to identify and pursue the particular driver who violated the parking law, the Legislature has created a rebuttable prima facie case based on vehicle registration. We acknowledge that application of this principle potentially can result in the imposition of vicarious liability on one person for the acts of another.[2] We believe, however, that it is within the Legislature's constitutional authority to institute the public policy judgment expressed by subsection 675c(1). *Lardie, supra.*

Specifically, subsection 675c(1) indicates in plain language that "the person in whose name the vehicle is registered" is "prima facie responsible" for violations of the specified stopping, standing, or parking prohibitions. Because "prima facie" is a legal term of art that has "acquired a peculiar and appropriate meaning in the law," MCL 8.3a, we turn to a legal dictionary to ascertain its meaning. *People v Jones*, 467 Mich 301, 304; 651 NW2d 906 (2002). When used as an adverb, as in the phrase "prima facie responsible," prima facie is defined to mean: "At first sight; on first appearance but subject to further evidence or information." Black's Law Dictionary (7th ed), p 1209. Thus, subsection 675c(1) creates a rebuttable prima facie case that the person in whose name an illegally

---

[2] When the driver is present, the citation can be issued directly to that person. In such instances, the governmental unit that issued the ticket need not turn to subsection 675c(1) to obtain payment.

parked vehicle is registered is responsible for the violation.

In other words, proof that a vehicle is registered in the name of an identified person creates a question for the trier of fact regarding that person's responsibility for the parking violation. In the absence of any competing evidence, when the requirements of subsection 675c(1) have been met, sufficient evidence has been adduced to permit a trier of fact to find the person in whose name the vehicle is registered liable for the parking violation. However, such a person's prima facie responsibility can be rebutted with evidence that someone else is responsible for the violation.[3] Such shifting in the burden of production does not violate due process, because the burden of proof

---

[3] Subsection 675c(2) states that

> [t]he owner of a vehicle cited for a stopping, standing, or parking violation pursuant to subsection (1) may assert as an affirmative defense that the vehicle in question, at the time of the violation was in the possession of a person whom the owner had not knowingly permitted to operate the vehicle.

There is nothing in the language employed in this passage that indicates that the defense identified is the only possible way to counter the prima facie case established in subsection 675c(1). Further, there is nothing inherent in the nature of a statutory prima facie case that necessarily limits the potential defenses to those specified in the statute. We presume that a legislature intending to limit the number of potential defenses would explicitly so state in the legislation itself.

We note that House Legislative Analysis, HB 4758, August 26, 1980, indicates that the phrase "prima facie responsibility" means that "the owner of a vehicle would be held responsible for the civil infraction unless the affirmative defense provided were asserted . . . ." *Id.* at 2. As our Supreme Court has observed, however, "in Michigan, a legislative analysis is a feeble indicator of legislative intent and is therefore a generally unpersuasive tool of statutory construction." *Frank W Lynch & Co v Flex Technologies, Inc*, 463 Mich 578, 587; 624 NW2d 180 (2001). While under certain circumstances a legislative analysis might serve as additional authority supporting a given statutory construction, *id.* at 588-589 (KELLY, J., concurring), we do not believe that such circumstances exist in the case at bar, where

continues to remain with the governmental unit seeking to enforce the parking ticket. *United States v Park*, 421 US 658, 672; 95 S Ct 1903; 44 L Ed 2d 489 (1975).

Further, the Michigan Vehicle Code (MVC), MCL 257.1 *et seq.*, defines "person" to mean "every natural person, firm, copartnership, association, or corporation and their legal successors." MCL 257.40. Thus, while the article "the" in subsection 675c(1) implies the singular, the definition of "person" provided in the MVC explicitly states that when used in the MVC, the term "person" can encompass more than one entity, i.e., a vehicle may be registered under the name of one or more persons at the same time. Therefore, the prima facie case of responsibility can be established against more than one "person," if the vehicle is registered in the name of more than one "person."

To summarize, we hold that the statute provides that a prima facie case for imposing responsibility on a person for a parking violation is established when proof is presented (1) that a vehicle was illegally parked, and (2) that the vehicle is registered in that person's name, regardless of whether that person was operating the vehicle at the time the violation occurred. Once prima facie responsibility is established, the presumed violator has the burden of producing evidence establishing that someone else should be held responsible for the violation. We do not believe, however, that the Legislature intended that subsection 675c(1) be used by a local governmental unit to reflexively utilize a leasing company as

the Legislature has chosen to employ a legal term of art that embraces the notion that presumptions can be rebutted.

its collection agency for parking violations. We caution against such a practice.

We note that in subsection 675c(3), the Legislature provided an avenue for a person actually found responsible pursuant to subsection 675c(1) to recover from the individual who actually illegally parked the vehicle in issue:

> The registered owner of a vehicle who is found to be responsible for a civil infraction as the result of subsection (1) has the right to recover in a civil action against the person who parked, stopped, or left standing the vehicle in question damages in the amount of any civil fine or costs, or both, imposed pursuant to section 907. The registered owner of a vehicle may provide in a written agreement that the person who parked, stopped, or left standing the vehicle in violation of a state statute or local ordinance, when the violation is a civil infraction, shall indemnify the registered owner for any civil fine and costs imposed upon the registered owner for that civil infraction.

"Owner" is defined by MCL 257.37(b) to include "a person who holds the legal title of a vehicle."[4] The MVC does not define "registered," and the provided

---

[4] The full text of subsection 37(b) reads: "Except as otherwise provided in section 401a, a person who holds the legal title of a vehicle." MCL 257.401a reads:

> As used in this chapter, "owner" does not include a person engaged in the business of leasing motor vehicles who is the lessor of a motor vehicle pursuant to a lease providing for the use of the motor vehicle by the lessee for a period that is greater than 30 days.

We do not read MCL 257.401a as exempting long-term lessors from the definition of owner set forth in MCL 257.37(b). Rather, we read subsection 37(b) to mean that the definition therein provided cannot be used to expand the scope of liable persons under the civil liability act, MCL 257.401 *et seq.* In other words, section 401a forecloses the argument that under MCL 257.37(b) a long-term lessor could be, for example, vicariously liable under MCL 257.402 for a rear end collision.

definition of "registration" is limited to the indices of
the act of registration.[5] "Registered" is defined in *The
American Heritage Dictionary of the English Lan-
guage* (1996), p 1520, to mean, "Having the owner's
name listed in a register," and "register" is defined as
"[a] formal or official recording of . . . names . . . ."
Thus, we conclude that as it is used in subsection
675c(3), the term "registered owner," refers to a per-
son holding legal title of a vehicle, whose possession
of legal title has been listed in an official recording of
names. Plaintiff falls within this definition.

Thus, in the event that a long-term lessor like plain-
tiff sustains damages as a result of liability incurred
under subsection 675c(1) for the parking violations of
someone else, the lessor is authorized by subsection
675c(3) "to recover in a civil action" damages from
that other person, or to indemnify itself in a written
agreement (e.g., a lease) for the damages incurred.

The trial court's opinion is somewhat unclear.
Given the nature of plaintiff's action and the argu-
ments raised by both parties, we read the court's
opinion as indicating that because plaintiff can be
held vicariously responsible under subsection 675c(1)
for the parking violations incurred by its lessees, it
could not maintain its action for declaratory judg-
ment. We hold that this is the correct result. We also
believe that summary disposition should have been
granted under MCR 2.116(C)(8), but find the court's
citation of subrule C(10) to be harmless. *Etefia v
Credit Technologies, Inc*, 245 Mich App 466, 470; 628
NW2d 577 (2001) ("[T]his Court will not reverse a

---

[5] " 'Registration' means a registration certificate, plate, adhesive tab, or
other indicator of registration issued under this act for display on a vehi-
cle." MCL 257.50.

trial court's order if it reached the right result for the wrong reason."). Because of our resolution of this issue, we need not reach the other arguments raised by plaintiff on appeal.

Affirmed.