# STATE OF MICHIGAN

# COURT OF APPEALS

AFFILIATED MEDICAL OF DEARBORN,

UNPUBLISHED
December 23, 2014

Plaintiff-Appellee,

v

No. 314179
Wayne Circuit Court
LC No. 11-012755-NF

LIBERTY MUTUAL INSURANCE COMPANY,

Defendant-Appellant.

Before: O'CONNELL, P.J., and BORRELLO and GLEICHER, JJ.

O'CONNELL, P.J. (*dissenting*).

I respectfully dissent. The question in this case is whether the circuit court had jurisdiction to enter a default judgment of $30,781.93. I would conclude that it does and affirm.

Plaintiff, Affiliated Medical of Dearborn (Affiliated Medical) filed suit in the circuit court and averred in its complaint that the amount in controversy in this case was over $25,000. Later, in a motion for default judgment, Affiliated Medical alleged that defendant Liberty Mutual Insurance Company (Liberty Mutual) owed it $20,500 for services rendered, $7,645.68 in attorney fees, and interest and other costs. The trial court entered a default judgment of $30,781.93, which included interest and attorney fees.

"A court's subject-matter jurisdiction is determined only by reference to the allegations listed in the complaint." *Neal v Oakwood Hosp Corp*, 226 Mich App 701, 707; 575 NW2d 68 (1997). "Jurisdictional allegations are not viewed in hindsight." *Peters v Gunnell, Inc*, 253 Mich App 211, 224 n 10; 655 NW2d 582 (2002). Further, the circuit court should not transfer a case to the district court unless it appears to a legal certainty that the amount in controversy is less than $25,000. *Etefia v Credit Technologies, Inc*, 245 Mich App 466, 474-475; 628 NW2d 577 (2001); Supreme Court Administrative Order 1998-1.

I cannot conclude that the circuit court should have transferred this case to the district court. I cannot conclude that the circuit court could not have determined with legal certainty that Affiliated Medical's claims *in their complaint* totaled less than $25,000 solely on the basis that they asked for only $20,500 of actual damages when filing their motion for a default judgment. Subject matter jurisdiction exists on the basis of what a plaintiff has a basis to believe is in the amount in controversy when they file their complaint, not on the basis of the amount the plaintiff actually receives. Voiding a judgment simply because the plaintiffs later asked for less than they

asserted was in controversy in the complaint is the equivalent of asking plaintiffs to predict the future.

Further, while the general rule is that costs and attorney fees are not considered part of an amount in controversy, when a statute expressly provides for attorney fees, those fees may be considered part of the amount in controversy. See *Id*. MCL 500.3148(1) provides that an attorney is entitled to fees as "a charge against the insurer in addition to the benefits recovered" for an improper denial of benefits. Therefore, I cannot conclude that the circuit court should have determined to a legal certainty that the amount in controversy here was certainly under $25,000.

For these reasons, I would affirm.

/s/ Peter D. O'Connell