# STATE OF MICHIGAN

# COURT OF APPEALS

THOMAS CUMMINGS,

　　　　　Plaintiff-Appellant,

v

DARRELL GIRTMAN and DEBORAH
GIRTMAN,

　　　　　Defendants-Appellees.

UNPUBLISHED
December 12, 2017

No. 334015
Oakland Circuit Court
LC No. 2015-150049-NI

Before: JANSEN, P.J., and CAVANAGH and CAMERON, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting defendants' motion for summary disposition under MCR 2.116(C)(10) in this dog-bite case. We affirm.

In October 2014, plaintiff was bitten by defendants' dog. Plaintiff was in his niece's backyard which was next to defendants' backyard. According to plaintiff, when the dog was in the backyard, plaintiff asked whether the dog bites and was told that he had never bitten anyone. Plaintiff then placed his hand on the fence that separated the two backyards—with a portion of his hand extending over into defendants' backyard—and the dog bit him. Plaintiff sued. In Count I, plaintiff claimed that defendants were strictly liable under MCL 287.351, the "dog-bite statute." In Count II, plaintiff claimed that defendants were negligent because they knew or should have known that the dog "was vicious, violent or prone to attack," but allowed him to come into contact with plaintiff.

Subsequently, defendants filed a motion for summary disposition under MCR 2.116(C)(10). Defendants first argued that there was no genuine issue of material fact that plaintiff was not lawfully on defendants' property when he was bitten by the dog—who was enclosed in defendants' own fenced-in yard at the time; thus, plaintiff's statutory claim must be dismissed. In other words, at the time he was bitten, plaintiff was a trespasser on defendants' property. Second, defendants argued, there was no genuine issue of material fact that defendants did not know of any violent propensities of the dog; thus, plaintiff's negligence claim must also be dismissed.

Plaintiff responded to defendants' motion for summary disposition, arguing that plaintiff was lawfully on his niece's property when he was bitten, without provocation, by defendants' dog. Further, plaintiff argued, defendants admitted that the dog was "not social" and was

-1-

"uncomfortable with strangers." In fact, the dog was running up and down the fence line growling and barking at plaintiff before he was bitten.

At the hearing on defendants' motion for summary disposition, the trial court dismissed plaintiff's negligence claim as abandoned because plaintiff failed to present any argument in opposition to defendants' claims. The trial court also dismissed plaintiff's statutory claim because plaintiff was not lawfully on defendants' property. The court held: "[T]he evidence shows that in placing his hand over the fence into the defendants' property, plaintiff was a trespasser; thus plaintiff cannot establish the elements of his claim under MCL 287.351." This appeal followed.

Plaintiff argues that his claim under the dog-bite statute was improperly dismissed because he was lawfully on his niece's property when he was bitten by defendants' dog. We disagree.

This Court reviews de novo the trial court's decision on a motion for summary disposition motions under MCR 2.116(C)(10). *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A motion brought under MCR 2.116(C)(10) tests the factual support of a plaintiff's claim and should be granted if, after consideration of the evidence submitted by the parties in the light most favorable to the nonmoving party, no genuine issue regarding any material fact exists. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012); *Maiden*, 461 Mich at 120.

This Court also reviews de novo issues of statutory interpretation. *Ford Motor Credit Co v Detroit*, 254 Mich App 626, 628; 658 NW2d 180 (2003). Our purpose in reviewing questions of statutory construction is to discern and give effect to the Legislature's intent. *Echelon Homes, LLC v Carter Lumber Co*, 472 Mich 192, 196; 694 NW2d 544 (2005). Our analysis begins by examining the plain language of the statute; if the language is unambiguous, no judicial construction is required or permitted and the statute must be enforced as written. *Id.*, quoting *People v Morey*, 461 Mich 325, 330; 603 NW2d 250 (1999).

The dog-bite statute, MCL 287.351, provides:

(1) If a dog bites a person, without provocation while the person is on public property, or lawfully on private property, including the property of the owner of the dog, the owner of the dog shall be liable for any damages suffered by the person bitten, regardless of the former viciousness of the dog or the owner's knowledge of such viciousness.

(2) A person is lawfully on the private property of the owner of the dog within the meaning of this act if the person is on the owner's property in the performance of any duty imposed upon him or her by the laws of this state or by the laws or postal regulations of the United States, or if the person is on the owner's property as an invitee or licensee of the person lawfully in possession of the property unless said person has gained lawful entry upon the premises for the purpose of an unlawful or criminal act.

Plaintiff argues that because he was lawfully on his niece's private property when he was bitten, defendants are strictly liable for his damages. We do not agree. The dog actually bit plaintiff's hand while—and because—plaintiff had his hand over the fence and protruding into defendants' backyard. The dog did not jump over the fence and bite plaintiff while he was lawfully in his niece's backyard; rather, in effect, plaintiff entered into defendants' backyard and then was bitten.

Plaintiff admits that he did not have actual permission to place his hand into defendants' backyard, i.e., he was not an express licensee. "A 'licensee' is a person who is privileged to enter the land of another by virtue of the possessor's consent." *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 NW2d 88 (2000). And the consent may either be express or implied. Here, plaintiff claims to have had implied consent or permission to place his hand into defendants' backyard because, when he asked one of the defendants if the dog bites, he was told that the dog had never bitten anyone. However, as plaintiff noted in his brief in opposition to defendants' motion for summary disposition, before he was bitten by the dog, the dog had been running up and down the fence line growling and barking at plaintiff. Considering this behavior, no reasonable juror could infer that plaintiff was given permission to place his hand into defendants' backyard at that time. See *id*. at 595.

Therefore, the dog bite to plaintiff's hand did not occur while plaintiff was lawfully on private property; rather, the dog bite occurred when plaintiff, albeit only his hand, was on defendants' private property. A trespass to land is "an unauthorized direct or immediate intrusion of a physical, tangible object onto land over which the [property owner] has a right of exclusive possession." *Adams v Cleveland-Cliffs Iron Co*, 237 Mich App 51, 67; 602 NW2d 215 (1999). Likewise, a trespasser is a person who enters onto someone's property without their consent. *Stitt*, 462 Mich at 596. Therefore, as the trial court held, there is no genuine issue of material fact that plaintiff was a trespasser on defendants' private property when he was bitten by their dog. Accordingly, plaintiff's claim under MCL 287.351 was properly dismissed. And plaintiff has not challenged the dismissal of his negligence claim on appeal.

Affirmed. Defendants are entitled to costs as the prevailing party. See MCR 7.219(A).

/s/ Kathleen Jansen
/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron